Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. Plaintiff began working for defendant-employer on July 28, 1992 as a truck driver. The company manufactured socks with slip resistant rubber on them. They were packed in large boxes for shipment. Plaintiff's job duties included loading and unloading these boxes as well as driving the truck. His average weekly wage was $327.35.
2. During the early morning hours of August 5, 1992, plaintiff was in Tazewell, Virginia loading boxes of socks onto his truck. When he lifted a box over his head to place it on a stack, he experienced a tingling sensation in his back. He then reached for another box and felt a sharp pain in his low back. After reporting the injury, he finished loading the truck and drove back to Hickory. His employer suggested that he go to the emergency room when he asked to see a doctor, so he went to Alexander County Hospital.
3. The emergency room physician diagnosed his condition as a muscular strain of the lower back and prescribed medication and use of heat and ice. He also instructed plaintiff to stay out of work until August 10 when he could return with restrictions against heavy lifting. Plaintiff was to see Dr. Craig, his personal doctor, the next Monday but he returned to the emergency room, instead. He informed the doctor on that occasion that he had not restricted his activities at all and that he had, in fact, been very active. He complained of having low back pain. The doctor prescribed medication, advised bed rest for two days and released him to return to work on August 18, 1992. He was again referred to Dr. Craig for follow-up care.
4. Plaintiff did not inform his employer until August 14 that he had been kept out of work for an additional period. By that time he had been terminated, presumably for not reporting for work according to the first doctor's release or calling in sick.
5. Plaintiff did not see Dr. Craig and, on September 1, 1992 when the insurance adjuster took a recorded statement from him, he indicated that his back was fine except for some occasional pain which was not enough to notice. However, he went to Dr. Brown on November 20, 1992 complaining of continued pain in his low back, hip and leg, and Dr. Brown prescribed a course of conservative treatment with therapy.
6. On August 5, 1992 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. The fact that he lifted a large box of socks constituted a specific traumatic incident of the work assigned. He injured his back as a result of that specific traumatic incident.
7. Plaintiff was unable to work from August 6 through August 17, 1992 as a result of this injury. However, he was capable of performing his regular job duties beginning August 18, 1992. His allegation that he continued to experience disabling back pain after that date is not accepted as credible in view of his statements to the insurance adjuster regarding his condition and in view of the fact that he did not receive medical treatment for three months.
8. Since plaintiff misrepresented his symptoms during the three month period before he saw Dr. Brown, the back condition for which he was subsequently treated was not proven to have been caused by the injury by accident giving rise to this claim. The permanent partial disability rating subsequently given was also shown not to have resulted from the injury.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. On August 5, 1992 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant in that he sustained a back injury as the result of a specific traumatic incident of the work assigned. G.S. § 97-2 (6).
2. Plaintiff is entitled to compensation in the amount of $155.88 for the five days of temporary total disability he sustained as a result of this injury following the seven-day waiting period. G.S. § 97-28 and 29.
3. Plaintiff is not entitled to further compensation for temporary total disability or to compensation for permanent partial disability. G.S. § 97-29; G.S. § 97-31; Anderson v.Northwestern Motor Company, 233 N.C. 372 (1951).
4. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. However, he is not entitled to have defendants provide the treatment he received beginning in November 1992. G.S. § 97-2(19); G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay compensation to plaintiff in the amount of $155.88 for his temporary total disability, subject to the attorney's fee hereinafter approved.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident, but excluding those arising from the treatment provided beginning in November 1992, when bills for the same have been submitted through the defendants to the Industrial Commission and approved by the Commission.
3. An attorney's fee in the amount of $100.00 is hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid award and paid directly to Mr. Duncan.
4. Defendants shall pay the costs.
 S/ ________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________ JAMES J. BOOKER COMMISSIONER
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CMV/CNP/tmd 12/20/94