The Full Commission has reviewed the award based upon the record of proceedings before the Deputy Commissioner and with reference to the errors alleged. After careful consideration, the Full Commission has determined that the plaintiff has not shown good grounds to amend the award. Therefore, the July 28, 1994 Opinion and Award is accordingly HEREBY AFFIRMED, and the findings of fact as set forth therein are hereby adopted by the Full Commission.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. At the time of the alleged injury by accident the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Liberty Mutual Insurance Company was the carrier on the risk.
4. Plaintiff's average weekly wage was $240.00.
5. The date of the alleged injury was January 16, 1992.
6. Plaintiff received unemployment compensation for six months at the rate of $135.00 per week.
In addition, the parties stipulated into evidence the following:
1. Packet of medical records and reports and employment records.
2. Form 33.
3. Form 33R.
4. Form 19 dated September 4, 1992.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. As of January 1992 plaintiff had been employed by defendant-employer for over two years as a product handler. His job duties included transferring turkey meat from one container to another and transporting the meat in large containers to different areas of the plant. He usually used a hand jack with wheels to push the containers which could weigh as much as 1,000 pounds. He also shoveled ground turkey meat and moved dry ingredients, such as salt, which would be stacked on pallets in large bags.
2. On January 16, 1992 plaintiff told his supervisor that he was having problems weighing meat, and he was sent to the plant nurse. He complained to her of right shoulder pain but did not want medication. However, later that day he went to Doctor's Urgent Care where he complained of his right arm aching when it got cold as well as of back pain. He indicated that he had been having problems with his arm for about three months and that his back had been bothering him for about a year. The doctor thought that he was having a reaction to the cold and instructed him to not work in a cold room or to do any heavy lifting for ten days. Consequently, plaintiff was given a job in another part of the plant for that period of time, but he then returned to his regular position.
3. Plaintiff continued to complain of arm, shoulder and back pain and indicated that his arm bothered him when in cold work areas. Consequently, the plant nurse sent him to Dr. Dineen, the company doctor. The results of his January 29th evaluation were not reported, but on February 12th Dr. Dineen ordered cervical traction with heat. Plaintiff saw the physical therapist on February 14th and again gave a history of progressive back and arm pain which began approximately one year previously.
4. At the last appointment on February 26, 1992, Dr. Dineen instructed plaintiff to return to work, but plaintiff did not think that he was able to work so he did not return. He saw a chiropractor several times in March and then did not receive further treatment until September 20, 1993 when he went to Dr. Buttar. He gave a similar history to Dr. Buttar and denied having sustained an injury.
5. Plaintiff now claims to have hurt himself on January 16, 1992 while shoveling turkey meat. In that he did not report such an injury to any of his doctors or to his employer, his allegation is not accepted as credible. He did not sustain an injury on that date but rather developed arm, shoulder and back pain on a gradual basis over the course of the previous year.
6. The neck, arm and back conditions for which plaintiff has claimed compensation were not the result of either an injury by accident arising out of and in the course of his employment or a specific traumatic incident of the work assigned on January 16, 1992.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. The neck, arm and back conditions for which plaintiff has claimed compensation were not the result of either an injury by accident arising out of or in the course of his employment or a specific traumatic incident of the work assigned on January 16, 1992. N.C.G.S. § 97-2(6); Anderson v. Northwestern Motor Company,233 N.C. 372, 64 S.E.2d 265 (1951).
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act. N.C.G.S. § 97-2 et seq.
* * * * * * * * * * *
Based upon all of the foregoing, the Full Commission has determined there exists no basis for amending the order denying plaintiff's claim for benefits.
Each side shall bear its own costs.
This the _____ day of __________________________, 1994.
FOR THE FULL COMMISSION
 S/ ________________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ________________________ COY M. VANCE COMMISSIONER
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
JJB:mj 12/22/94