The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Electrical Mutual Liability Insurance Company was the carrier on the risk.
4. Plaintiff's average weekly wage was $776.06.
5. The date of the alleged injury was May 29, 1990.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. As of May 1990 plaintiff had been employed by defendant-employer for four and one-half years in the aircraft engine division. He operated various machines which cut and shaped metal in the process of building engine parts. At the time in question he was assigned to a specific machine referred to as work station number 2003. There was a platform adjacent to the machine on which he would stand while he was operating it. The platform was approximately seven inches high and he would have to step on and off of it during the course of his shift.
2. Plaintiff alleges that on May 29, 1990, as he was stepping off of the platform at his work station, his right foot slipped so that his foot twisted under him and he thereby injured his ankle. However, his allegation is not accepted as credible. He informed the nurse the next day that he had experienced the gradual onset of right ankle pain which he associated with stepping on and off of the platform, and when he saw Dr. Swirat on May 31 he denied being aware of any specific incident where he slipped and twisted his foot. He later took the position that he must have done something like that since his ankle was bothering him.
3. On June 8, 1990 plaintiff was examined by Dr. Scully, an orthopedic surgeon. Dr. Scully had x-rays taken which revealed that plaintiff had an extra little bone in his ankle called an accessory ossicle, which was located in the area where he was having pain. This was a congenital condition which apparently had not bothered him previously. However, he had some inflammatory changes around the ossicle at that time which were causing his symptoms. The inflammation could have been due to a number of factors including the fact that he stepped on and off of the platform during the course of his work duties.
4. On May 29, 1990 plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. There was nothing unusual or out of the ordinary in the manner he performed his job duties that day. He did not slip and he did not twist his ankle. His ankle symptoms developed gradually and were not associated with any particular incident.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
1. On May 29, 1990 plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2(6); Anderson v. NorthwesternMotor Company, 233 N.C. 372 (1951).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall bear its own costs.
IT IS FURTHERMORE ORDERED that this case be REMOVED from the Full Commission hearing docket.
 S/ __________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ COY M. VANCE COMMISSIONER