Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Old Dominion Freight Lines was self-insured.
4. The date of the alleged injury was September 3, 1992.
5. Plaintiff's last date of work for defendant was September 23, 1992, and he began working for Lowe's on October 13, 1992.
In addition, the parties stipulated into evidence the following:
1. Form 22 dated April 13, 1994.
2. Five pages of medical records and reports from Dr. Derian.
* * * * * * * * * * *
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. In September 1992 plaintiff was employed by defendant as a pick-up and delivery driver. His job involved driving a tractor trailer on local runs, which were mostly in the Greenville area, as well as helping to unload the freight if necessary.
2. Plaintiff alleges that on September 3, 1993 he was moving freight to the back of his truck where the forklift could reach it and that, when he pulled back on his hand truck to move a crate, he felt a sharp burning pain in his low back. He further alleges that he subsequently reported the injury to his employer and that an accident report was prepared. Based upon the Deputy Commissioner's evaluation of the witnesses, together with the other evidence, these allegations are not accepted as credible.
3. In approximately 1988 plaintiff injured his back at work and filed a workers' compensation claim. Following that injury, he continued to have episodes of pain. In September 1992 when the alleged second injury occurred, he did not report an injury to either of his supervisors or to the terminal manager, despite the fact that he knew and had previously followed the procedures for reporting an injury at work, and despite the fact that he asked his supervisor for time off from work to see the doctor. He also did not fill out an accident report, contrary to the company policy. When he saw Dr. Vanden Bosch on September 15, 1992, he informed the doctor about the earlier injury and the intermittent episodes of pain, and he indicated that the last episode, which had been persistent, had begun two weeks before. However, he did not describe an injury or incident at work occurring at that time. His first report of an injury at work was in October, 1992 when he gave the terminal manager a Form 18.
4. Plaintiff did not prove that the back condition for which he was treated beginning on September 15, 1992 was the result of an injury by accident arising out of and in the course of his employment or a specific traumatic incident of the work assigned occurring on or about September 3, 1992.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSION OF LAW
Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer on or about September 3, 1992. G.S. § 97-2 (6); Anderson v.Northwestern Motor Company, 233 N.C. 372 (1951).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. This claim is hereby DENIED.
2. Each side shall pay its own costs.
 S/ _________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________ GREGORY M. WILLIS DEPUTY COMMISSIONER
JRW/tmd 5/19/95