TOMMY ANDERSON, EMPLOYEE, v. NORTHWESTERN MOTOR COMPANY, EMPLOYER, AND PENNSYLVANIA THRESHERMEN & FARMERS MUTUAL CASUALTY INSURANCE COMPANY, CARRIER.

(Filed 28 March, 1951.)

**1. Master and Servant § 40e—**

Claimant under the Workmen's Compensation Act must show not only that he has suffered personal injury by accident which arose out of and in the course of his employment but also that his injury caused him disability unless it is included in the schedule of injuries made compensable under G.S. 97-31 without regard to loss of wage earning power.

**2. Same—**

"Disability" as used in the Workmen's Compensation Act means impairment of wage earning capacity rather than a physical impairment. G.S. 97-2 (i).

**3. Same—Findings held to sustain conclusion that injury did not materially accelerate or aggravate pre-existing infirmity.**

Findings to the effect that claimant suffered an injury by accident which arose out of and in the course of his employment but that he lost no time or wages as a result thereof, and after working for about a month with this employer, entered into business for himself, and that the disability of claimant is not a result of the accident but of a congenital infirmity, *is held* to sustain decision denying compensation, since the findings support the conclusion that the injury neither of itself nor in combination with the pre-existing infirmity resulted in any disability, and claimant is not entitled to have the cause remanded for a specific finding as to whether the injury proximately contributed to his disability by accelerating or aggravating his pre-existing condition.

**4. Same—**

Where claimant's expert witness testifies to the effect that claimant had a congenital infirmity of the spine and that claimant now suffers a 10% disability, and further that claimant's disability could be the result of the accident or could have antedated it, such testimony does not impel the single conclusion that the injury accelerated or aggravated claimant's pre-existing infirmity, and further, the testimony related to a physical impairment rather than an impairment of wage earning capacity.

**5. Master and Servant § 52—**

In passing upon issues of fact the Industrial Commission is the sole judge of the credibility of the witnesses and of the weight to be given their testimony, and may accept or reject the testimony of a witness, either in whole or in part, depending solely upon whether it believes or disbelieves the same.

**6. Master and Servant § 55d—**

Findings of fact of the Industrial Commission are conclusive when supported by legal evidence. G.S. 97-86.

APPEAL by plaintiff from *Bobbitt, J.,* at January Term, 1951, of WILKES.

Proceeding under the North Carolina Workmen's Compensation Act in which the plaintiff, Tommy Anderson, seeks compensation from his employer, Northwestern Motor Company, and its insurance carrier, Pennsylvania Threshermen & Farmers Mutual Casualty Insurance Company, for an alleged injury by accident arising out of and in the course of his employment.

The parties concede that they are subject to the provisions of the Act.

The only evidence of legal importance offered in the proceeding was that of the plaintiff and his physician.

The plaintiff testified to the effect that on 7 March, 1949, his employment by the defendant required him to assist a fellow employee in unloading a heavy safe from a truck; that while he was in an awkward and unusual position the safe unexpectedly slipped and fell, wrenching his back and producing much pain; that despite this mishap he continued to work for the defendant without any loss of time or wages until the defendant terminated its business "a month or so" later; that he had been operating a small garage of his own ever since the defendant had closed, .but was "not making anything"; and that he had not been able to do anything except light work since 7 March, 1949. The plaintiff admitted that he had drawn compensation under the North Carolina Workmen's Compensation Act on two previous occasions on account of back injuries suffered by him in 1946 and 1948 while working for a former employer, the Gaddy Motor Company.

The plaintiff's physician testified, in substance, that he had examined and treated the plaintiff's back both before and after 7 March, 1949; that the plaintiff has a congenital infirmity of the spine, "which precludes mechanically the normal functioning (of his) back, and tends to subject it to stress and strain more easily"; and that "viewing the average person as one hundred per cent," the plaintiff now suffers a permanent physical disability of ten per cent. The physician stated that this disability "could be the result of the last injury received while working for the Northwestern Motor Company," or could have arisen before that time.

The Hearing Commissioner denied the plaintiff's claim for compensation, and the plaintiff appealed to the Full Commission, which made these specific findings of fact bearing on the questions involved on the present appeal: (1) "That the plaintiff on March 7, 1949, sustained an injury by accident that arose out of and in the course of his employment, and as a result thereof he has lost no time or wages." (2) "That after working for about a month more with this employer, the plaintiff removed himself from the labor market, and entered into business for himself." (3) "That any disability the plaintiff has sustained is not a result of the

accident of March 7, 1949, but is a result of a congenital condition."
The Full Commission concluded as a matter of law on the basis of these
findings that the plaintiff had not suffered a compensable injury by
accident within the purview of the Act, and entered its decision accord-
ingly.

The plaintiff thereupon appealed from the Full Commission to the
Superior Court, and the Superior Court rendered judgment affirming the
decision of the Full Commission. The plaintiff excepted to this judg-
ment, and appealed therefrom to this Court, assigning errors.

*W. H. McElwee, Jr., for plaintiff, appellant.*
*Trivette, Holshouser & Mitchell for defendants, appellees.*

ERVIN, J. To obtain an award of compensation for an injury under
the North Carolina Workmen's Compensation Act, an employee must
always show these three things: (1) That he suffered a personal injury
by accident; (2) that his injury arose in the course of his employment;
and (3) that his injury arose out of his employment. *Withers v. Black,*
230 N.C. 428, 53 S.E. 2d 668. Furthermore, he must establish a fourth
essential element, to wit, that his injury caused him disability, unless it
is included in the schedule of injuries made compensable by G.S. 97-31
without regard to loss of wage-earning power. *Branham v. Panel Co.,*
223 N.C. 233, 25 S.E. 2d 865. As used here, the term "disability" signi-
fies an impairment of wage-earning capacity rather than a physical
impairment. This is necessarily so for the very simple reason that the
Act expressly specifies that "the term 'disability' means incapacity be-
cause of injury to earn the wages which the employee was receiving at
the time of the injury in the same or any other employment." G.S.
97-2 (i).

The assignments of error permit the plaintiff to challenge the validity
of the judgment of the Superior Court on alternative grounds. This he
does. He insists primarily that the decision of the Full Commission is
not sustained by its findings of fact, and he asserts secondarily that such
findings of fact are not supported by the evidence before the Commission.
*Henry v. Leather Co.,* 231 N.C. 477, 57 S.E. 2d 760.

While there seems to be no case on the specific point in this State,
courts in other jurisdictions hold with virtual uniformity that when an
employee afflicted with a pre-existing disease or infirmity suffers a per-
sonal injury by accident arising out of and in the course of his employ-
ment, and such injury materially accelerates or aggravates the pre-
existing disease or infirmity and thus proximately contributes to the death
or disability of the employee, the injury is compensable, even though it
would not have caused death or disability to a normal person. Schneider's

Workmen's Compensation (Perm. Ed.), Text Volume 6, section 1543 (i) ; 58 Am. Jur., Workmen's Compensation, section 247; 71 C.J., Workmen's Compensation Acts, section 358.

When this proceeding was heard before the Commission, the plaintiff invoked these outside authorities, and argued that he was entitled to an award of compensation under them because the evidence established these three propositions: (1) That he was afflicted with a pre-existing infirmity of the spine; (2) that on 7 March, 1949, he suffered a personal injury by accident arising out of and in the course of his employment; and (3) that such personal injury accelerated or aggravated his pre-existing infirmity of the spine and in that way proximately contributed to a disability on his part. The defendant denied the validity of this argument.

The plaintiff's primary position on the appeal may be summarized as follows: The Commission rejected the outside legal authorities invoked by plaintiff as the basis for his claim, and for that reason did not find the facts in respect to the plaintiff's third proposition. As a consequence, the findings are silent on the main issue joined between the parties, fail to determine the controversy involved in the proceeding, and do not support the decision, denying compensation to the plaintiff. Hence, the Superior Court erred in refusing a request by plaintiff that the proceeding be remanded to the Commission with an instruction that the Commission find from the evidence whether the personal injury by accident suffered by plaintiff on 7 March, 1949, proximately contributed to a disability on his part by accelerating or aggravating his pre-existing spinal infirmity. *Evans v. Lumber Co.,* 232 N.C. 111, 59 S.E. 2d 612; *Young v. Whitehall Co.,* 229 N.C. 360, 49 S.E. 2d 797.

The plaintiff's primary position is untenable because his fundamental premise, *i.e.,* that the Commission rejected the outside legal authorities invoked by him as the basis for his claim and by reason thereof did not find the facts in respect to his third proposition, lacks validity.

When the record is read aright, it reveals that the Full Commission assumed that the principle of law relied on by plaintiff prevails in North Carolina, and that the Full Commission denied the claim for compensation because it found as a fact from the evidence before it that the plaintiff had not sustained a compensable injury within the purview of that principle. The first, second, and third specific findings mean simply this: Although the plaintiff suffered a personal injury by accident arising out of and in the course of his employment on 7 March, 1949, such injury was inconsequential in nature, and did not, either of itself or in combination with the pre-existing infirmity of the plaintiff, cause any disability, *i.e.,* loss of wage-earning power, to the plaintiff.

This being true, the findings cover the material issues of fact arising in the proceeding, determine the entire controversy between the parties,

and support the decision of the Commission. The plaintiff's injury does not fall within the schedule embodied in G.S. 97-31, and is not compensable in the absence of a resulting disability.

The plaintiff adopted his secondary position against the eventuality of an adverse interpretation of the findings of fact of the Commission. He advances these interesting arguments in its support: The evidence presented by the plaintiff before the Commission pointed unerringly to the single conclusion that the injury by accident which he sustained on 7 March, 1949, accelerated or aggravated his pre-existing spinal infirmity and in that way proximately contributed to a disability on his part. As this evidence was uncontradicted, it was obligatory for the Commission to accept it and to make accordant findings of fact. Instead of doing this, the Commission made findings diametrically contrary to the uncontradicted evidence. As a consequence, its findings of fact are not supported by evidence, and the Superior Court ought to have vacated its decision on that ground.

The plaintiff's secondary position is not maintainable. In the first place, its underlying premise, *i.e.,* that the evidence before the Commission engendered a single conclusion favorable to the plaintiff, crumbles when the testimony of the plaintiff's chief witness, the physician, is analyzed. His evidence to the effect that the plaintiff has a ten per cent disability refers to a physical impairment, and not to an impairment of wage-earning capacity. Besides, the physician stated that the plaintiff's disability could have antedated the mishap of 7 March, 1949. When the evidence before the Commission is considered as a whole, it is completely compatible with the Full Commission's determinative finding that the personal injury by accident sustained by plaintiff on 7 March, 1949, was inconsequential in character, and did not, either of itself or in conjunction with his pre-existing infirmity, cause him any disability, *i.e.,* loss of wage-earning power.

Moreover, the notion that it is obligatory for the Commission to accord an involuntary or unquestioned credence to any particular testimony runs counter to the statute which confers upon it full fact-finding authority. G.S. 97-84; *Beach v. McLean,* 219 N.C. 521, 14 S.E. 2d 515. In passing upon issues of fact, the Commission, like any other trier of facts, is the sole judge of the credibility of the witnesses, and of the weight to be given to their testimony. *Henry v. Leather Co., supra.* This being true, it may accept or reject the testimony of a witness, either in whole or in part, depending solely upon whether it believes or disbelieves the same. *Johnson's Case,* 258 Mass. 489, 155 N.E. 460; *Fitzgibbons' Case,* 230 Mass. 473, 119 N.E. 1020.

Inasmuch as the findings of fact of the Full Commission are supported by legal evidence, they cannot be disturbed. G.S. 97-86.

For the reasons given, the decision of the Commission is
Affirmed.