The Full Commission has reviewed the award based upon the record of proceedings before the Deputy Commissioner. This case was previously scheduled to be heard on appeal before the Full Commission on January 25, 1995. Plaintiff asked for a continuance in the case due to inclement weather. At this time, plaintiff also notified the Commission that he had not received a transcript or a Form 44. The Commission thereupon sent plaintiff a transcript and a Form 44 by certified mail, which plaintiff received on February 14, 1995, as indicated by plaintiff's signature on the return receipt.
Plaintiff was informed by a representative of the Industrial Commission that his case was being set on the February 27, 1995 Full Commission calendar. However, plaintiff failed to appear before the Full Commission on that date. Neither did the plaintiff notify or communicate with the Industrial Commission, either by submitting a completed Form 44 or brief, or by requesting another continuance. Defendant's counsel was present and ready for argument on February 27, 1995.
The Full Commission, after its review, has concluded that there is no good grounds to amend the Deputy Commissioner's Opinion and Award as filed, and the same is accordingly hereby affirmed.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. At the time of the injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Edmac Trucking Company, Inc. was self-insured with Key Risk Management Services as its adjusting company.
4. On December 31, 1992 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant.
In addition, the parties stipulated into evidence the following:
1. One page of notes by Dr. Lewis.
2. A packet of employment records.
The following were received into evidence after the hearing:
1. Nine pages of records and reports from Northside Chiropractic Clinic. Plaintiff's objection to the letter by Dr. Kosterman is sustained and the letter has not been received into evidence.
2. Packet of records from the Employment Security Commission certified August 22, 1994.
* * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
FINDINGS OF FACT
1. On November 19, 1992 plaintiff began working for defendant as a truck driver. His job duties included securing his load, covering it with a tarp and driving the truck, but he was not required to load or unload the truck.
2. On December 21, 1992 plaintiff sustained a compensable injury by accident when a metal bar he was using to tighten the strap which secured his load of lumber snapped upwards and struck him below the lips, knocking him to the ground. As a result of this incident he sustained a laceration to his chin and pain in his mouth and jaw. He was seen in the emergency room that evening where his wound was stitched and he was given pain medication. The emergency room physician also referred him to his dentist to check his teeth.
3. Plaintiff returned to the emergency room on January 5, 1993 to have his sutures removed and reported no complaints at that time. The next day he saw his dentist, Dr. Lewis, who checked his teeth and evaluated his complaints of jaw pain.
4. There are no reports of neck or back pain in the medical records until January 8, 1993 when plaintiff went to the emergency room following an injury which occurred when his vehicle was struck from the rear by another car at an intersection. He subsequently received chiropractic treatment for the injuries he sustained in this motor vehicle accident.
5. Plaintiff alleges that he hurt his neck on December 31, 1992 when the "cheater bar" struck him on the chin, and he claims that the treatment he subsequently received for neck pain was causally related to his injury at work. His allegations are not accepted as credible. His neck was injured on January 8, 1993 in an automobile accident which was unrelated to his employment. Only the problems with his chin, mouth and jaw were caused by his injury on December 31, 1992, and he was unable to work for less than a week as a result of the compensable injury.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. Plaintiff is not entitled to compensation for temporary total disability in that he was disabled for less than the seven day waiting period as a result of his December 31, 1992 injury by accident. N.C.G.S. § 97-28.
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act for his neck condition which was not causally related to this injury. N.C.G.S. § 97-2 et seq.; Anderson v.Northwestern Motor Company, 233 N.C. 372 (1951).
3. Plaintiff is entitled to have defendant provide all medical compensation arising from this injury by accident, but not from his back injury. N.C.G.S. § 97-2(19); G.S. 97-25.
* * * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
AWARD
1. Plaintiff's claim for workers' compensation benefits for his neck injury is hereby DENIED.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for the same have been submitted through the defendants to the Industrial Commission and approved by the Commission.
3. Defendant shall pay a penalty of $25.00 for its failure to file a Form 19 with the Industrial Commission pursuant to N.C.G.S. § 97-92.
4. Defendant shall also pay a penalty of $75.00 as sanctions for its failure to file a Form 33R pursuant to Rule 603.
5. Each side shall pay its own costs.
6. Plaintiff's appeal before the Full Commission is HEREBY DISMISSED WITH PREJUDICE, for failure to file a Form 44 or brief and for failure to prosecute his claim.
This the _____ day of __________________________, 1995.
FOR THE FULL COMMISSION
 S/ _______________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
JJB:mj 3/7/95