Plaintiff argues three issues on appeal before the Full Commission. Plaintiff argues that: (1) the evidence supports a finding that plaintiff sustained an injury by accident on March 23, 1993; (2) the plaintiff promptly and properly notified his employer that he sustained this injury by accident; and (3) the Deputy Commissioner ruled prematurely on plaintiff's claim for additional benefits.
Plaintiff has sustained an admittedly compensable injury on December 10, 1986, from which he had recuperated. The primary issue on appeal before the Full Commission concerns the compensability of plaintiff's alleged injury by accident on March 23, 1993.
Upon a careful review of the entire record in this case, and with reference to plaintiff's assignments of error, the Full Commission has determined that plaintiff's arguments are without merit. The June 30, 1994 Opinion and Award is accordingly HEREBY AFFIRMED.
* * * * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. (In I.C. 726652) Defendants paid the compensation shown on the attachment to the Form 33R dated June 17, 1992.
2. (In I.C. 337364) At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
3. (In I.C. 337364) The employer-employee relationship existed between defendant-employer and plaintiff.
4. (In I.C. 337364) Wausau Insurance Company was the carrier on the risk.
5. (In I.C. 337364) The date of the alleged injury was March 23, 1993.
6. Forms 21 and 26 were approved by the Industrial Commission in I.C. 726652 and are incorporated by reference.
* * * * * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. Plaintiff has worked for defendant-employer since July 1992. In December 1986 he was working as a millwright and his job duties included installing and repairing pumps, motors, turbines and other industrial equipment. On December 10, 1986 he sustained an injury to his back by accident arising out of and in the course of his employment when he and two other employees lifted the guard to a machine and the others dropped their end so that the weight came onto plaintiff. He received conservative treatment and was able to continue working until July 1988 except for a short period in June 1987. However, his symptoms worsened and he ultimately underwent surgery by Dr. Keranen for a ruptured disc at L5-S1.
2. Plaintiff's condition improved following the surgery and he returned to work in December 1988. His condition remained relatively stable until May 1990 when he experienced increased back pain and leg weakness. Dr. Keranen took him out of work and ordered an MRI. There were abnormalities on the test which did not seem to indicate a recurrent ruptured disc so Dr. Keranen referred him to a pain specialist. Dr. Fishman subsequently assumed his care and in August 1990 performed an epidural catheterization to try to dissolve the scar tissue in his spine. Dr. Fishman also gave him injections into the painful areas of his back. Plaintiff obtained significant relief and was able to return to work in September. Thereafter, he only missed a few more periods from work until the end of March 1992 when he was finally evaluated for permanent partial disability.
3. The defendants in I.C. 726652 admitted liability for plaintiff's injury of December 10, 1986 and paid compensation for the various periods of temporary total disability until March 23, 1992 and also paid compensation for a 15 percent permanent partial disability to his back. As of March 1992 when he was evaluated by Dr. Turner and Dr. Whitehurst, he was still complaining of some persistent problems with occasional back and leg pain, however he was able to perform his regular work duties. In February 1993 he returned to Dr. Fishman who considered his condition stable.
4. Plaintiff alleges that on March 23, 1993 he sustained another work related injury to his back when he carried two pieces of steel grating up some stairs, then turned and felt a cramping sensation in his back. Although he knew to report all injuries, he did not report such an injury to his supervisor or to the first aid department. He continued working except for when he was on vacation during the week of April 5. Later that month he took another week of vacation and went to Kentucky. While there he saw Dr. Schwartz, a chiropractor, who reported that the onset of symptoms occurred April 29 and that the condition for which he treated plaintiff was not related to plaintiff's employment. When plaintiff returned to Wilmington, he went to Dr. Bland, another chiropractor, who reported the date of onset of symptoms as April 21 and that plaintiff's condition was not related to his employment.
5. On May 7, 1993 plaintiff was seen in the emergency room by Dr. Markworth for complaints of severe low back pain with radiation down his left leg. An MRI was performed which revealed a herniated disc at L5-S1, and Dr. Markworth performed surgery on May 25 to decompress that disc space. He removed a free fragment of disc material which was of recent origin. The recurrent disc herniation was a new condition due to a new injury and was not a direct and natural result of the December 1986 injury at work. Although there was scarring present from the previous injury and surgery, that was not causing plaintiff's acute pain and was not the reason he had to undergo surgery.
6. Plaintiff's allegation that he sustained a back injury on March 23, 1993 which caused his recurrent disc rupture is not accepted as credible. Rather, the greater weight of the evidence indicates that he hurt his back in late April while away from work.
7. Assuming arguendo that plaintiff had injured his back on March 23, 1993, he did not report the injury to his employer until May 10, 1993 which was over thirty days later. He knew to report injuries, had had a prior workers' compensation claim and gave no excuse for the delay in reporting the alleged accident. However, it appears that there was no injury report because there was no such injury.
8. The back condition for which plaintiff received treatment beginning April 29, 1993 was not due to an injury by accident or to a specific traumatic incident on March 23, 1993 in the course of his employment with defendant-employer.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. Plaintiff is not entitled to further benefits under the Workers' Compensation Act for his December 10, 1986 injury by accident in that the condition in question was not proven to have resulted from that injury. N.C.G.S. § 97-2 et seq. (I.C. 726652).
2. On March 23, 1993 plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2(6); Anderson v. NorthwesternMotor Company, 233 N.C. 372, 64 S.E.2d 265 (1951) (I.C. 337364).
3. Plaintiff is not entitled to benefits under the Workers' Compensation Act for the back condition at issue. N.C.G.S. § 97-2et seq.
* * * * * * * * * *
Based upon all of the foregoing, the Full Commission has determined there exists no basis for amending the order denying plaintiff's claim for benefits.
Each side shall bear its own costs.
This the _____ day of __________________________, 1995.
FOR THE FULL COMMISSION
S/ ___________________________ JAMES J. BOOKER COMMISSIONER CONCURRING:
S/ ___________________________ BERNADINE BALLANCE COMMISSIONER
S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
JJB:mj