The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan Chapman. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. D.S. Simmons, Inc. was self-insured with Key Risk Management Services as its adjusting company.
3. Plaintiff was an uninsured subcontractor of defendant from whom no certificate of insurance was obtained.
In addition, the parties stipulated into evidence the following:
1. Packet of medical records and reports. However, plaintiff objected to the reports from Pitt County Memorial Hospital and Coastal Neurological Associates on the basis of relevancy since they apparently arose from conditions unrelated to the alleged injury in question. Nevertheless, plaintiff stipulated to their authenticity.
2. Ten pages of information and tax records regarding payments made to plaintiff.
3. Thirteen pages of payroll records.
The daily construction report dated September 30, 1992 has been received into evidence as Defendants' Exhibit 3.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. In August and September 1992 plaintiff was working as a subcontractor for defendant. His crew was performing masonry work at the veteran's cemetery work site. Although he appeared to regularly employ at least three employees, he did not have worker's compensation insurance. He had worked as a brick mason for fifteen to sixteen years previously and worked along side his crew members laying brick and concrete blocks.
2. Plaintiff alleges that he injured his right shoulder on September 30, 1992 when he helped to lift a beam made of concrete blocks, rebar and cement to a position over a doorway. However, his allegation is not accepted as credible. There were discrepancies in the testimony as to the circumstances of the alleged incident and the date. When he was seen in the emergency room on October 3, he reported that he had been having right shoulder pain for a week and indicated that he might have pulled a muscle or strained it on the job. On October 15 he told Dr. Pate at Eastern Carolina Family Practice that he had been having shoulder pain for three weeks, that it had begun at work while laying bricks but that he could not relate it to a trauma or injury.
3. Plaintiff did not sustain an injury by accident arising out of and in the course of his subcontracted work for defendant.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Plaintiff did not sustain an injury by accident arising out of and in the course of his subcontracted work for defendant. G.S. § 97-2 (6); G.S. § 97-19; Anderson v. NorthwesternMotor Company, 233 N.C. 372 (1951).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each side shall pay its own costs.
FOR THE FULL COMMISSION
 S/ _________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/mj 9/19/95