The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan S. Chapman and the briefs before the Full Commission. Defendant chose to waive oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. Upon reconsideration of the evidence the Full Commission affirms in part and reverses in part the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injuries by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. USAIR, Inc., was a self-insured employer on all relevants dates.
4. The dates of the alleged injuries were 14 October 1992 and 13 August 1993.
In addition, the parties stipulated into evidence the following:
 a. Two Industrial Commission Form 22s with a code sheet attached.
 b. An Industrial Commission Form 18 dated 25 April 1994.
 c. Sixty-seven (67) pages of medical records and reports.
* * * * * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and enters the following:
FINDINGS OF FACT
1. As of February 1992 plaintiff was forty-three (43) years old and a high school graduate who had also taken college courses for several years. Plaintiff had been employed by defendant-employer for two to three (2-3) years as a ramp agent. Plaintiff had also worked for defendant-employer's predecessor, Piedmont Airlines, for nine to ten (9-10) years in the same capacity. Plaintiff's job as a ramp agent involved loading baggage and freight onto outbound aircraft and unloading baggage and freight from the aircraft which had arrived at the Asheville Airport. Plaintiff was required to manually handle the baggage carts between the planes and the terminal and a nose-loader, a portable conveyer, to transport the baggage to and from the aircraft.
2. On 14 October 1992, while working in his position as a ramp agent, plaintiff was loading boxes of frozen fish, weighing from twenty to sixty (20-60) pounds from the nose loader onto a plane for defendant-employer. To perform this task, plaintiff worked from a crouched position, on his knees in the cargo area or bin of the aircraft. Plaintiff would turn to his right from his kneeling position, pull the boxes off of the loader and push them to the front of the bin. At some point near the completion of the loading plaintiff felt a sharp pain in his lower back. This occurred just as plaintiff turned from pulling a box off the loader to a position where he could push it toward the front of the bin. Plaintiff was able to complete the loading on 14 October 1992, but continued to experience pain in his lower back. Sometime later that day plaintiff informed a co-worker, Mr. Scott Gross, of his work related back injury.
3. Plaintiff was able to work on 15 October 1992 but then missed several days due to the flu. Upon his return to work after recovering from the flu, plaintiff orally informed Mr. Bob Beard, a Station Manager of defendant-employer's of his work related back injury. Plaintiff's written notice to defendant-employer of his on the job injury was in March of 1993 when he submitted an Industrial Commission Form 18.
4. As the result of the work related incident on 14 October, on 21 October 1992 plaintiff went to his family physician, Dr. Randy J. Tryon having a one-week history of pain radiating from his lower back down to his left foot. Dr. Tryon noted probable degenerative disc disease, removed plaintiff from work and referred him to Dr. Todd Guthrie, an orthopaedic surgeon. Dr. Guthrie ordered an MRI which revealed degenerative disc disease with protrusions at four levels of the lumbar spine. Dr. Guthrie treated plaintiff with medication, physical therapy, lumbosacral support and rest.
5. At the time his work related injury, plaintiff was unaware of his rights and duties concerning filing a claim for compensation under the North Carolina Workers' Compensation Act. Further, plaintiff had no reason to believe that defendant-employer did not have full knowledge of the 14 October 1992 work related injury. The Full Commission finds that plaintiff had a reasonable excuse for the delay in providing written notification of the accident to defendant-employer. Further, defendant-employer was not prejudiced by the delay in receiving written notice of plaintiff's 14 October 1992 accident at work and in fact had no problem investigating the incident.
6. On 14 October 1992 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in that he sustained an injury growing out of a specific traumatic incident of the work assigned.
7. As the result of plaintiff's 14 October 1992 injury by accident, plaintiff was out of work and incapable of earning wages with defendant-employer or in any other employment from 22 October 1992 to 7 January 1993.
8. Plaintiff also alleges that he hurt his back on 10 August and 13 August 1993 when he threw a duffel bag after lifting it off the loader. However, his allegations regarding injuries on these dates are not accepted as credible. At the time in question he had a pending workers' compensation claim and knew the importance of reporting an injury. Nevertheless, plaintiff did not mention anything about an injury to the co-employee who was working with him in the plane at the time he claims to have gotten hurt. Furthermore, plaintiff did not report an injury until 20 August 1993 after he had specifically denied having had an injury at work when previously questioned by Mr. Watkins.
9. After these alleged incidents in August of 1993, plaintiff developed the gradual onset of back and leg pain over the course of several days. However, his back condition did not result from a specific injury or a specific traumatic incident at work, although the lifting generally required by his work during those days contributed to the development of his symptoms.
10. The available medical evidence is inconclusive as to the amount of permanent partial disability, if any, retained by plaintiff as the result of his 14 October 1992 injury by accident in that Dr. Guthrie's rating was based on the 14 October 1992 injury by accident and the alleged work related injury of 13 August 1993.
11. Plaintiff's average weekly wage and the corresponding compensation rate cannot be determined from the Industrial Commission Form 22s submitted to the Commission. Plaintiff was earning $709.09 per week at the time of the 14 October 1992 injury by accident. The Full Commission finds that plaintiff is entitled to the maximum compensation rate for 1992, $426.00 per week, for any disability compensation he is entitled to under the Workers' Compensation Act.
* * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff is entitled to the maximum compensation rate for 1992, $426.00 per week, for any disability compensation he is entitled to under the North Carolina Workers' Compensation Act. G.S. § 97-2 (5); G.S. § 97-29.
2. On 14 October 1992 as the result of a specific traumatic incident of the work assigned, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2 (6).
3. Plaintiff's failure to provide written notification to defendant-employer of his injury at work within thirty (30) days is reasonably excused and defendant-employer was not prejudiced thereby. G.S. § 97-22.
4. As the result of the 14 October 1992 injury by accident plaintiff is entitled to be paid by defendant temporary total disability compensation at the rate of $426.00 per week for the period of 22 October 1992 to 7 January 1993. G.S. § 97-29.
5. From the available medical evidence the Full Commission is unable to determine the amount of permanent partial disability, if any, retained by plaintiff as the result of the 14 October 1992 injury by accident. G.S. § 97-30.
6. Plaintiff is entitled to be paid by defendant for reasonable medical expenses incurred as the result of the 14 October 1992 injury by accident. G.S. § 97-25.
7. On 10 August or 13 August 1993 plaintiff did not sustain an injury by accident arising out of the course of his employment with defendant-employer nor a specific traumatic incident of the work assigned. G.S. § 97-2 (6); Anderson v. North Western MotorCompany, 233 N.C. 372 (1951).
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law the Full Commission affirms in part and reverses in part the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay temporary total disability compensation to plaintiff at the rate of $426.00 for the period 22 October 1992 to 7 January 1993. This amount, having accrued, shall be paid to plaintiff in a lump sum and is subject to the attorney's fee approved herein.
2. Defendant shall pay all reasonable and necessary medical expenses incurred as the result of plaintiff's 14 October 1992 injury by accident when bills for the same have been submitted to defendant-employer and approved pursuant to procedures established by the Industrial Commission.
3. A reasonable attorney's fee of twenty-five (25) percent of the accrued compensation benefits due under the above award is approved for plaintiff's counsel, which shall be deducted from said award and paid directly thereto.
4. Defendants shall pay the costs.
* * * * * * * * * * * * *
ORDER
Within thirty (30) days of receipt of this Opinion and Award the parties SHALL SUBMIT to the Full Commission relevant documents relating to the amount of permanent partial disability retained, if any, by plaintiff as the result of the 14 October 1992 injury by accident. Upon receipt of the above the Full Commission shall make the proper determinations and file a final Opinion and Award in this matter.
 S/ ________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________ LAURA KRANIFELD MAVRETIC DEPUTY COMMISSIONER (NOW COMMISSIONER)