The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. All stipulations contained in the aforementioned Pre-Trial Agreement are incorporated herein by reference.
2. That the plaintiff's medical records may be received into evidence as "Exhibit No. 1."
3. That a Social Security Disability determination may be received into evidence as "Exhibit No. 2."
4. That a letter to the plaintiff from Linda Smith may be received into evidence as "Exhibit No. 3."
* * * * * * * * * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. The plaintiff is a thirty-seven year old male high school graduate with two years of further education at Surry Community College. Plaintiff worked approximately 16 years with the defendant-employer in the Maintenance and Delivery Department.
2. On December 11, 1989, the plaintiff slipped and fell on a cement floor while at work. As a result, in January of 1990, Dr. Henry Elsner performed a laminectomy and diskectomy at the L3-4 on the left side of plaintiff's back.
3. Following the 1990 surgery, plaintiff returned to full time employment with defendant-employer and remained there until April 29, 1991, when he herniated his L4-5 disc on the right while lifting a box. The April 29, 1991 accident was accepted as compensable and was paid by the defendant, Cigna Insurance Company. After receiving treatment from Dr. Elsner, plaintiff was released to return to full-time employment in January of 1992 with a lifting restriction of 55 pounds. Plaintiff returned to full-time duties with defendant-employer at this time.
4. Plaintiff continued to experience temporary pain flareups in his lower back and left and right legs from April 29, 1991 through July 2, 1993. However, plaintiff did not miss any time from work due to these flareups.
5. On July 2, 1993, plaintiff was in the process of moving a drink machine full of drinks on a two wheel truck along with two other employees. Plaintiff was holding the two handles on the truck balancing the weight of the drink machine as they started through the door. The two men were distracted abruptly by another co-worker while helping the plaintiff and they let go of the drink machine causing the entire weight of the drink machine to fall back on plaintiff. Plaintiff managed to hold the hand truck and regained control of the falling drink machine. However, this sudden shift in the weight of the drink machine caused plaintiff to experience instant pain in his back which radiated down his leg. At said time plaintiff sustained an injury as a direct result of a specific traumatic incident of the work assigned which materially aggravated and accelerated his pre-existing back condition.
6. As a result of this incident, plaintiff remained out of work for about two weeks. Defendant-employer did not pay plaintiff for this time he missed from work, therefore plaintiff used his own personal vacation time.
7. Plaintiff continued to work in pain despite the numerous times he went to see his treating physician beginning with his first visit of August 24, 1993.
8. Plaintiff was seen by Dr. Elsner on August 26, 1993. Dr. Elsner noted that "plaintiff over the past two months developed a fair amount of pain of a radicular nature in his lower extremity. This seems to radiate down to the anterior and dorsal aspect of the foot down the anterolateral aspect of the thigh and calf. This appears to be most consistent with an L5 radiculopathy."
9. After the August 26, 1993 evaluation with Dr. Elsner, plaintiff continued working in pain until he eventually presented himself again to Dr. Elsner on January 13, 1994.
10. On January 13, 1994, Dr. Elsner noted that plaintiff returned to his office with pains in the left lower extremity, very radicular in nature.
11. On or about May 3, 1994, plaintiff testified he suddenly experienced a lot of back pain while getting out of bed and putting on his shoes while at home. Plaintiff was bending over to put on his shoes when he initially experienced this pain. Dr. Elsner performed surgery one week later on the plaintiff's back and found a recurrent herniated disc at L3-4 left and a herniated disc at L5-S1 on the left.
12. Plaintiff's condition on May 3, 1994 was a direct and natural result of the cumulative effect of his prior injuries and surgeries, including the July 2, 1993 accident which materially aggravated and accelerated his pre-existing condition. Prior to May 3, 1994 all of plaintiff's back injuries and resulting surgeries were causally related to his employment with defendant-employer.
13. The act of bending over to put on a shoe did not cause plaintiff's disc herniation; plaintiff's back was already weak and deteriorated due to his prior work injuries and surgeries. The May 3, 1994 incident was therefore a direct and natural consequence of prior compensable injuries and not an intentional act on the part of plaintiff. Dr. Elsner testified "a healthy disc is like shoe leather literally, it's tough stuff." "It is not until the disc actually deteriorates and becomes soft and weakened in the center or out to the periphery that it can actually easily be torn with some trivial activity."
14. In his deposition on October 30, 1995, Dr. Elsner testified that plaintiff's incident of July 2, 1993 may have had some effect, some causative effect of the disc herniation that he had surgery for on May 12, 1994.
15. Dr. Elsner further admitted that the incident of July 2, 1993 "may have in some way contributed to plaintiff's current condition." Dr. Elsner elaborated that the incident of July 2, 1993 may have been an aggravating episode that made the plaintiff's back pain and symptoms worse for a period of time.
16. Based upon the greater weight of the evidence plaintiff's herniated discs which led to the surgery in May 1994 were causally related to his July 2, 1993 back injury which materially aggravated and accelerated his pre-existing weakened back proximately caused by prior work injuries and surgeries.
17. Defendant Stokes County Board of Education in its self-insured capacity is liable for the July 2, 1993 injury to plaintiff's back and all of the direct and natural consequences arising from said injury.
18. As a result plaintiff's work-related July 2, 1993 specific traumatic incident which materially aggravated and accelerated plaintiff's pre-existing back condition causing a recurrent disc herniation at L3-4 and also causing a new disc herniation at L5-S1, the plaintiff was temporarily totally disabled from May 12, 1994 through the date of the hearing and continuing.
* * * * * * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On July 2, 1993 plaintiff sustained an injury by accident or specific truamatic incident arising out of and in the course and scope of his employment, which materially aggravated and/or accelerated his prior surgically repaired disc herniation at L3-4 and which resulted in a new disc herniation at L5-S1 requiring plaintiff to undergo back surgery. N.C.G.S. § 97-2(6). Anderson v. Northwestern MotorCompany, 233 N.C. 372, 64 S.E.2d 265 (1951).
2. The incident on May 3, 1994 which caused an increase in symptoms was a direct and natural result of the cumulative effect of his prior injuries and surgeries, including the July 2, 1993 injury by accident which materially aggravated and accelerated his pre-existing condition. Horne v. Universal Leaf TobaccoProcessors, 119 N.C. App. 682 (1995).
3. Plaintiff has failed to show by the greater weight of the evidence that his disability is the result of a change of condition from the L4-5 injury sustained on April 29, 1991. (I.C. File 136914) N.C.G.S. § 97-47.
4. As a result of the injury by accident giving rise thereto plaintiff was temporarily totally disabled from May 12 1994 and continuing until further Order of the Industrial Commission, entitling him to compensation at a rate of $245.14 per week. N.C.G.S. § 97-29.
5. Plaintiff is entitled to payment by defendants of all medical bills relating to his injury by accident and subsequent surgery. N.C.G.S. § 97-25.
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for a change of condition in I.C. File #136914 must under the law be, and the same is hereby, DENIED.
2. Plaintiff's claim that his disability resulted from an injury by accident on July 2, 1993 must under the law be, and the same is hereby, GRANTED.
3. As a result of the injury by accident giving rise thereto, plaintiff was temporarily totally disabled from May 12, 1994 and continuing, until further Order of the Industrial Commission entitling him to compensation at a rate of $245.14 per week. Accrued benefits shall be paid in a lsump sums.
4. An attorney fee of 25% of the award is approved for plaintiff's counsel. Plaintiff's counsel shall receive 25% of the lump sum that has accrued and thereafter shall be entitled to receive every fourth check.
5. Defendants shall pay the costs.
 S/ _______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/rst 2/20/97