The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer on March 15, 1996, which is the date of the alleged left foot injury.
3. Defendant-employer is self-insured with Sedgwick of the Carolinas, Inc. acting as its servicing agent.
4. Plaintiff's average weekly wage on the date of the alleged March 15, 1996 injury was as documented by the Form 22.
In addition, the parties stipulated into evidence a notebook containing Industrial Commission forms and medical records.
The Pre-Trial Agreement dated October 22, 1998 is incorporated by reference.
***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing as:
 FINDINGS OF FACT
1. Plaintiff is forty-eight years old has completed two years of college with an associate's degree. In February 1996 he began working for defendant car dealer as a salesperson. His duties included showing new and used vehicles to customers, negotiating the sale, preparing certain paperwork, making sure the car was cleaned properly, delivering the car to the purchaser and then making a follow-up telephone call to the purchaser.
2. There was no parking available to defendant's employees on site, so the employees had to park in an adjacent unpaved parking lot which the dealership rented for their use. The parking lot had a gravel surface and the employees had to walk on this surface each day as they were walking to and from their cars.
3. Plaintiff has alleged that he injured his foot on March 15, 1996 by stepping on a rock in the parking lot. His allegation is not accepted as credible. Dr. Kirk, a podiatrist, was the first doctor who treated him for heel problems. Plaintiff saw him on June 27, 1996. At that time plaintiff reported having had problems with his heel for at least one month with no history of injury. Dr. Kirk ordered x-rays which revealed heel spur formation. He treated plaintiff conservatively with medication and orthotics until August 2, 1996, but apparently plaintiff's group health insurance changed after that date and Dr. Kirk was no longer on plaintiff's health insurance plan.
4. Plaintiff next sought treatment for his foot on July 17, 1997 almost a year later. At that time he told Dr. Killian, another podiatrist, that he had had heel pain since December 1996, although he also described his earlier treatment with Dr. Kirk. Dr. Killian diagnosed his condition as plantar fasciitis with a heel spur. Due to the severity of his complaints, Dr. Killian performed surgery on September 8, 1997 to attempt to repair the spur.
5. Plaintiff did not tell either Dr. Kirk or Dr. Killian about an injury at work and told them that his problems started after March 1996. Furthermore, when he was walking in the parking lot at work he always wore shoes. Consequently, the heels of his shoes would have provided significant protection from impact due to their thickness. In view of these facts and other discrepancies in the evidence, plaintiff did not prove that he injured his foot by stepping on a rock at work.
6. Plaintiff did not prove that he sustained an injury by accident arising out of and in the course of his employment on March 15, 1996.
***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer on March 15, 1996. G.S. § 97-2(6); Anderson v. Northwestern MotorCompany, 233 N.C. 372 (1951).
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act for his heel condition. G.S. § 97-2 et seq.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim for workers' compensation benefits is hereby and the same shall be DENIED.
2. Each side shall pay its own costs.
S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
DCS/bjp