Upon review of the competent evidence of record and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as
 STIPULATIONS
1. The alleged injury to plaintiffs right hand and elbow occurred on 22 January 1998.
2. At the time of the alleged injury:
 a. The parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act.
 b. An employment relationship existed between the plaintiff and defendant-employer.
 c. The defendant-employer was insured by Cigna Property Casualty. In addition, the parties stipulated into evidence the following:
1. The documents attached to the Pre-Trial Agreement.
2. Nine additional pages of medical records and reports.
3. Records from Penske Auto Center.
4. Records from TriPoint Ford.
 Although the parties at the hearing indicated that plaintiffs answers to defendants interrogatories would be stipulated into evidence and would be provided to the Commission, those documents have not been submitted so the stipulation is deemed withdrawn.
The Pre-Trial Agreement dated 13 September 1999, which was submitted by the parties, is incorporated by reference.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows
 FINDINGS OF FACT
1. Plaintiff, who was thirty-four years old at the time of the hearing before the Deputy Commissioner, began working for defendant-employer on 13 September 1996 as an ATM technician. Her job involved driving an armored van to specified ATM machines, servicing them, balancing them and replenishing the money. Plaintiff would then take the deposits to the respective banks. Her average weekly wage in 1997 was approximately $511.60. However, plaintiff did not work during the month of December because she was out on maternity leave for the birth of her son.
2. Plaintiff returned to work on January 19, 1998 and was assigned to a new route. On or about 22 January 1998, she injured her hand at work. Plaintiff testified that she struck the handle to the safe door inside an ATM with her right palm, but her testimony is not accepted as credible. Rather, it appears that plaintiff did something to hyperextend her right thumb. She reported an injury to her supervisor, David Underwood, and he advised her to see a doctor if she needed medical treatment. He would not complete an injury report until she saw a doctor, and plaintiff did not feel free to see a doctor until treatment was authorized, so she did not get medical treatment for over a month.
3. As a military dependent, plaintiff had health coverage through the clinic at Seymour Johnson Air Force Base. On 10 March 1998 she saw Dr. Dalbec at the clinic complaining of pain in the PIP joint of her right thumb. The radiology report noted a history of pain in the base of the thumb since a hyperextension injury one month before. Dr. Dalbec diagnosed plaintiffs condition as a right thumb strain and treated her with medication. Plaintiff returned to the clinic on 9 April 1998 and saw Dr. Tuel for complaints of chronic pain in her right hand. Dr. Tuel referred plaintiff to an orthopedic surgeon, but for some reason she did not see an orthopedist until 6 October 1998. In the meantime, plaintiff continued to receive treatment at the clinic for other health problems without further complaints regarding her hand
4. On 6 October 1998 plaintiff saw Dr. Kim. His office note was the first medical record which recorded a history similar to plaintiffs testimony. Plaintiff also advised him that she had previously been diagnosed with carpal tunnel syndrome in her right hand in 1990. Dr. Kim injected her wrist, prescribed medication and a wrist splint, and gave her work restrictions. Plaintiff could not return to Dr. Kim for follow-up because his office stopped seeing patients from the military base, so on 19 October 1998 she saw Dr. Cooper, another orthopedic surgeon. Dr. Coopers impression was that plaintiff had bilateral carpal tunnel syndrome which was worse in the right hand. He ordered nerve testing and then on October 26 performed surgery to release the carpal tunnel in her right hand.
5. Plaintiff remained symptomatic following the operation and advised Dr. Cooper of persistent pain and swelling in the hand. Subsequent nerve testing indicated that there had been some improvement in her condition, although nerve conduction was still slightly slowed. Dr. Cooper could not explain the severity of her symptoms. He ultimately performed a second operation to her wrist and also to her right elbow on 26 July 1999. However, plaintiff again reported no improvement after the surgery. Plaintiff subsequently developed problems with her left shoulder for which she was to undergo another operation at some time after the hearing before the Deputy Commissioner.
6. Although plaintiff may have hurt her right hand at work on or about 22 January 1998, the activity causing the injury was not disclosed by the evidence. It appeared to be from hyperextension of the joint at the base of the thumb, which was contrary to her testimony that she sustained a blow to the palm of her hand. There were so many inconsistencies between plaintiffs testimony and what she told the doctors and co-workers, as well as what third parties told her, that plaintiffs testimony was not accepted as credible by the Deputy Commissioner. The Full Commission declines to overturn the credibility determination by the Deputy Commissioner. Plaintiff, therefore, has not proven that the injury to her right thumb was due to unusual circumstances which interrupted her regular work routine.
7. Plaintiff has not proven that she sustained an injury by accident arising out of and in the course of her employment with defendant-employer on 22 January 1998. Since she did not establish the circumstances of her injury on that date, the carpal tunnel syndrome for which plaintiff was treated beginning in October 1998 was not proven to have been a proximate result of any incident on 22 January 1998.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer on 22 January 1998. N.C. Gen. Stat. 97-2(6); Anderson v. Northwestern Motor Company,233 N.C. 372, 64 S.E.2d 265 (1951).
2. Plaintiff is not entitled to benefits under the Workers Compensation Act for her hand condition. N.C. Gen. Stat. 97-2 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following
 ORDER
1. This claim is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of July, 2001.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER