***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The employee-employer relationship existed on June 4, 1999.
2. Oak Hill Living Center was the employer, self-insured through the National Workers' Compensation Fund of North Carolina (hereinafter "Fund").
3. On August 2, 1999, an Order of Liquidation was issued declaring the Fund insolvent and naming the Department of Insurance as Liquidator. Pursuant to N.C. Gen Stat § 97-131, et seq. the North Carolina Self-Insurance Guaranty Association (hereinafter "Guaranty Association") assumed responsibility for "covered claims" incurred during each member-employer's period of self-insurance. Oak Hill Living Center was one such member-employer of the Fund.
4. The date of the alleged injury/occupational disease was June 4, 1999.
5. The parties were subject to the North Carolina Workers' Compensation Act at the time of the alleged incident, the employer employing the requisite number of employees to be bound under the provisions of said Act.
6. The parties stipulated into evidence a packet of medical records and reports, which were submitted after the hearing.
7. The depositions of Dr. Collins, Stephanie NcNeill, Jackie Castleberry, Jennifer Brown and Sjanna Clark are a part of the evidentiary record.
 ***********
Based upon all of the competent evidence in the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff, who was born August 16, 1956 and who completed the eleventh grade, began working for defendant retirement home on April 9, 1999 as a nurse's assistant. She had previously worked there for approximately six months ending in June 1998. As a nurse's assistant, her job duties included helping the residents with showers and dressing, passing out certain medications, moving the residents from their beds to chairs and taking them to meals and activities.
2. On June 4, 1999 plaintiff went into the room of a resident named Terry. Terry was legally blind. He preferred to be awakened last in the mornings, so it was close to time for breakfast when plaintiff woke him. It was his practice to put on the clothes he was given, move to the end of the bed and then lower himself to the floor where he would kneel while the aides lifted him into his wheelchair. On the morning in question, plaintiff gave him his clothes, he dressed himself and he then slid to the floor, as was his routine. Plaintiff had pressed the call bell for his room and another aid, Sjanna Clark, came in to help her with Terry.
3. Plaintiff has alleged that as she and Ms. Clark were lifting Terry, the wheelchair slid backwards so that she had to grab it with her right hand while lifting Terry with her left and that Terry fell against her right arm, pinning it against the metal arm of the wheelchair. Her allegations have not been accepted as credible. Another aide, Stephanie McNeill, came into the room just before the two women lifted Terry into the wheelchair and did not observe anything that plaintiff described. Furthermore, after the alleged injury, plaintiff repeatedly misrepresented and exaggerated her symptoms to the doctors who examined her. She would not cooperate with the doctors' examinations and would act as though her arm was almost paralyzed when the doctor was trying to test her strength, but then would use the arm to get off the examining table. The doctors also noted that she had normal muscle tone and no atrophy, which indicated that she was using her arm muscles elsewhere. Due to these and other factors, plaintiff has been found to not be a credible witness.
4. Plaintiff did not prove that she injured her arm on June 4, 1999 as a result of an injury by accident arising out of and in the course of her employment. Furthermore, if she did hurt her arm that day, her injury was minor and her claims of persistent disabling pain were not factual.
 ***********
Based upon the foregoing stipulations and findings of fact, concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not prove that she sustained an injury by accident arising out of and in the course of her employment with defendant-employer on June 4, 1999. N.C. Gen. Stat. § 97-2(6);Anderson v. Northwestern Motor Company, 233 N.C. 372 (1951).
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act for her arm condition. N.C. Gen. Stat. § 97-2 etseq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
This the 24th day of February 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN
DCS/llc