***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Commission and the Commission has jurisdiction over the parties and the subject matter.
2. All parties have been correctly designated and there is no question as to mis-joinder or non-joinder of parties.
3. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act on the date of the injury.
4. An employment relationship existed between the parties.
5. Defendant-employer was self-insured on the date of the injury.
6. Plaintiff last worked for defendant-employer on October 27, 1997.
7. Plaintiff's average weekly wage was $412.00 per week, yielding a compensation rate of $274.66.
8. The parties stipulated into evidence a packet of medical records, reports, and a Social Security Disability decision.
9. The Pre-Trial Agreement dated August 16, 2004, which was submitted by the parties, is incorporated by reference.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was thirty-nine years old at the time of the Deputy Commissioner's hearing and worked for defendant-employer for 16 years. Defendant-employer manufactures foam for chair cushions and backs. Plaintiff's job duties included operating band saws, and driving, loading and unloading trucks.
2. Plaintiff alleges that on October 26 or 27, 1997, he was injured when his foot slipped off the bumper on the back of a truck, causing him to fall onto his buttocks, and that he developed back pain by the following day. Plaintiff's allegations, however, are not credible. On Sunday, October 26, 1997, defendant-employer was closed and attendance records show that plaintiff was absent from work on Monday, October 27, 1997. Plaintiff also missed four days of work the prior week and the first three workdays of the week in question, reportedly due to a kidney stone. Plaintiff presented defendant-employer a note from Dr. Spencer Long, urologist, dated October 28, 1997, as an excuse for his absence on October 27, 1997. Plaintiff also gave defendant-employer a work excuse note from Reid Beamon, P.A., for October 28 and 29, 1997. Plaintiff turned in the work excuses when he reported to the plant on Thursday, October 30, 1997.
3. When plaintiff returned to work, he described kidney stone problems to Don Skinner, plant manager. Mr. Skinner was unaware that plaintiff alleged he sustained any work-related injury until the Form 18 was filed on October 14, 1999, almost two years later. The Form 18 showed the date of injury as October 26, 1997, but plaintiff testified that the injury occurred on October 27, 1997.
4. On November 3, 1997, plaintiff was examined by Dr. David Miller, orthopedic surgeon. Plaintiff told Dr. Miller that he had experienced low back pain radiating down his left leg for one week and the pain occurred spontaneously with no accident or injury. Plaintiff made no mention that his injury was due to an accident or falling off the back of a truck. Plaintiff also informed Dr. Miller that he was treated by Dr. Long for kidney stones, but that the IVP test was negative and a CT scan of his back had been ordered. The CT scan revealed plaintiff had a herniated disc at L5-S1, and plaintiff was subsequently referred to Dr. Miller. Plaintiff also told Dr. Miller's assistant that his back condition was not related to his employment.
5. On November 14, 1997, plaintiff completed claim forms for short-term disability and for health insurance coverage for his back problem. On these forms, plaintiff wrote that his back condition was not due to an occupational injury or disease, that he did not know where the injury occurred and the condition was not related to his employment.
6. Plaintiff's testimony at the Deputy Commissioner's hearing was contradicted by the statements he made shortly after the alleged injury. Plaintiff did develop a ruptured disc at L5-S1 in October 1997 and subsequently underwent two operations by Dr. Miller. However, the greater weight of the credible evidence shows that plaintiff's back condition was not due to an injury at work. Rather, when the symptoms began, plaintiff was out of work due to illness and had been out of work for several days. Plaintiff's testimony to the contrary was not credible.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment or a specific traumatic incident of the work assigned with defendant-employer on October 26 or 27, 1997. N.C. Gen. Stat. § 97-2(6); Anderson v. Northwestern MotorCompany, 233 N.C. 372, 64 S.E.2d 265 (1951).
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act for his back condition. N.C. Gen. Stat. § 97-2 et seq.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
This 7th day of September 2005.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER