The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman (and the briefs and oral arguments before the Full Commission). The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. U.S. Fidelity Guaranty Insurance Company was the carrier on the risk.
In addition, the parties stipulated into evidence the following:
1. Form 18 dated October 22, 1992.
2. Form 18 dated January 21, 1993.
3. Twenty-one pages of medical records and reports.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On September 29, 1992 plaintiff began working for defendant-employer as a truck driver. His job was to drive a tractor trailer between Richmond and Winston-Salem to deliver cigarettes. He had worked for the company a couple of months earlier in the year, as well. The truck which was assigned to him was the oldest one in the fleet and it had a number of problems. However, he realized that the drivers with more seniority would get the better trucks.
2. Plaintiff alleges that as he was driving his first run to Richmond on September 29, 1992 he drove over a large bump in the highway and his seat "bottomed out" so that his back was severely jarred. He further claims that he experienced the immediate onset of back pain at that time. These allegations are not accepted as credible.
3. There were problems with the seat on plaintiff's truck, but, since his testimony was exaggerated, the exact nature of the problems cannot be determined. In any event, the seat was not bottoming out. It was designed to not do that unless there was a leak or puncture in it.
4. Plaintiff had been having problems with generalized pain in his neck, shoulders, back and joints prior to his employment with defendant-employer, and Dr. Cooke was treating him for what had been diagnosed as fibromyalgia. When he saw Dr. Cooke on October 8, 1992 for follow-up of his fibromyalgia, he did not mention problems at work and complained of continued back pain with no radicular symptoms. He returned to the doctor on October 12 with new symptoms of pain radiating down his left leg. The first time he mentioned the truck seat to Dr. Cooke was on October 16 when he described being jostled up and down because the seat was not functioning properly. Since he was having radicular symptoms at that time, Dr. Cooke referred him to Dr. Rabhan, an orthopaedic surgeon, who subsequently performed surgery to his back on November 4, 1992.
5. Plaintiff experienced the gradual onset of back pain which became dramatically worse on or about October 9, 1992 while he was waiting for his truck to be loaded. His back condition did not result from a specific traumatic incident of the work assigned. Furthermore, since his testimony regarding the problems with the seat was not credible, he did not establish a causal relationship between his back condition and the truck seat he used during his employment with defendant-employer.
6. The back condition for which plaintiff has claimed compensation was not due to either an injury by accident arising out of and in the course of his employment or a specific traumatic incident of the work assigned.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The back condition for which plaintiff has claimed compensation was not due to either an injury by accident arising out of and in the course of his employment or a specific traumatic incident of the work assigned. G.S. § 97-2 (6); Anderson v.Northwestern Motor Company, 233 N.C. 372 (1951).
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act for his back condition. G.S. § 97-2 et seq.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. This claim is hereby DENIED.
2. Each side shall pay its own costs.
 S/ __________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _________________ COY M. VANCE COMMISSIONER