The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Former Deputy Commissioner Bernadine Ballance. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At all times relevant to this claim, the parties were subject to and bound by the provisions of the N.C. Workers' Compensation Act.
2. At the time of the alleged injury, plaintiff was an employee of defendant, Autumn Care of Raeford.
3. The alleged date of injury is August 17, 1989.
4. Plaintiff's average weekly wage will be computed based upon records submitted by defendants after the hearing.
5. The sole issue for determination is whether plaintiff sustained an injury by accident arising out of and in the course and scope of her employment on or about August 17, 1989 and if so, what benefits should plaintiff receive.
****************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On August 17, 1989, plaintiff allegedly sustained a knee injury while working as a nursing assistant for defendant-employer. Plaintiff testified that between 4:30 a.m. and 5:00 a.m., she responded to a "call light" and found that a patient needed a bed pan. In attempting to turn the patient over, plaintiff testified that she used her knee to prop the patient up and as she was bracing the patient using her knee, her knee popped. Plaintiff further testified that as she left the room to walk down the hall, she felt a tingling sensation and weakness in her knee and leg. Plaintiff further stated that she reported the incident to the charge nurse who was on duty at the time.
2. Plaintiff gave a recorded statement about the incident on September 13, 1989. In her recorded statement, plaintiff related that as she was walking down the hall to respond to a call light, her feet began to tingle and all of a sudden, "just gave away" and it was all that she could do to maintain her balance by using the wall to hold herself up from the floor. Plaintiff also stated that as she came up, she heard a little something in her knee that sounded like it popped.
3. Plaintiff first saw a doctor on August 22, 1989, when she was examined by Dr. Douglas E. Lam, a family practice specialist of Sandhills Family Health Center. Plaintiff reported to Dr. Lam that she had been having increasing trouble with her right knee again, including pain, swelling and the sensation of the knee giving away to the point that she was having problems performing her job duties. She specifically reported that she was having difficulty bracing her knee to do the lifting required of her job. Plaintiff did not report any specific work-related incident as the probable cause of her knee symptoms.
4. Plaintiff had been seen by Dr. Lam on at least two occasions prior to August 17, 1989 with complaints of right knee pain. On December 10, 1987, plaintiff complained of pain in her right hip and knee. The examination revealed some crepitation at the knee which was suggestive of some chronic inflammation. On March 11, 1988, plaintiff had complaints of her knee popping and giving away as well as some pain and numbness around the knee which extended up the leg. An x-ray of the knee taken at that time showed some minimal narrowing of the joint space which could be a sign of early degenerative changes. Dr. Lam referred plaintiff to a radiologist to check for arthritis and possible sciatica. Plaintiff was continued on the anti-inflammatory medication that she had been previously prescribed.
5. Plaintiff first saw Dr. Ellis on August 25, 1989 and at said time reported a three week history of pain in the knee. Plaintiff also reported that she fell approximately a week earlier and related this fall to her knee giving away. Plaintiff also gave a history of knee "give away" on several previous occasions. Dr. Ellis diagnosed plaintiff's injury as a tear of the lateral meniscus and osteoarthritis and Dr. Ellis performed arthroscopic surgery on October 18, 1989. In the opinion of Dr. Ellis, plaintiff reached maximum medical improvement in January of 1992 and retained a 20% permanent partial impairment of her knee. Dr. Ellis believes that plaintiff will eventually need a total knee replacement as the result of the pre-existing osteoarthritis.
6. In the history given by plaintiff to the nurses of Dr. Lam and Dr. Ellis, plaintiff did not recall any accident or incident that preceded the onset of her knee pain.
7. Plaintiff has failed to prove by the greater weight of the evidence that she sustained an injury by accident arising out of and in the course of her employment on August 17, 1989.
8. Plaintiff's average weekly wage was $160.00 per week based upon evidence submitted subsequent to the hearing, which is hereby admitted into evidence.
*****************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The person claiming the benefit of compensation has the burden of showing that the injury complained of resulted from an accident arising out of and in the course of the employment.Henry v. A.C. Henry Leather Co., 231 N.C. 477, 57 S.E.2d 760
(1950).
2. In passing upon issues of fact, the Commission is the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. It may accept or reject the testimony of the witness, either in whole or in part, depending solely upon whether it believes or disbelieves the same. Andersonv. Northwestern Motor Co., 233 N.C. 372, 64 S.E.2d 265 (1951).
3. Plaintiff did not prove by the greater weight of the evidence that she sustained an injury which resulted from an interruption of her normal work routine by the introduction of unusual conditions likely to result in unexpected consequences; therefore, on August 17, 1989, plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
4. Plaintiff's claim, therefore, is not compensable under the provisions of the N.C. Workers' Compensation Act. N.C. Gen. Stat. § 97-2 (6).
*********************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be and the same is hereby DENIED.
2. Each side shall bear its own costs.
 S/ _______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _____________________ LAURA K. MAVRETIC COMMISSIONER
S/ _____________________ J. RANDOLPH WARD COMMISSIONER
CMV/cnp/rst 1/28/97