The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan S. Chapman and the briefs on appeal. By stipulation, the parties agreed to an extension of time for defendant to file its brief, which was received on 30 June 1997. Both parties waived oral argument in this matter. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award.
* * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 21 August 1996 as:
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between defendant and plaintiff at all relevant times herein.
3. Bussman/Cooper Industries was a self-insured employer.
4. Additionally, the parties stipulated into evidence the following:
 a. An Industrial Commission Form 22 dated 30 April 1996;
 b. A packet of medical records and reports with an index
* * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. As of July 1995, plaintiff had been employed by defendant for over two months as a machine operator. Prior to this employment, plaintiff had sustained a serious injury to his right hand which had resulted in the partial amputation of two fingers. However, plaintiff advised defendant that he did not believe the impairment to his hand would affect his work, so he was hired to run three machines which put together parts of a fuse.
2. After working in the job for a while, plaintiff complained to his supervisor that he could not keep up with all three machines. His supervisor, Mr. Johnson, had plaintiff try another position which involved pulling springs. However, plaintiff complained of hand pain after a short time performing that job, so Mr. Johnson took him off it and agreed to let plaintiff operate just two of the machines he had worked on previously, even though normally an employee could keep up with all three machines. Consequently, as of the first week of July 1995, plaintiff was operating two of the machines which manufactured fuses.
3. Plaintiff has alleged that on or about 6 July 1994, he injured his left knee at work when he was stepping down from one of his machines after unjamming it, and as he was walking down the steps, his left knee cap struck a piece of metal protruding from the machine. However, plaintiff did not report an injury to his supervisor, although on 18 July 1994 he told Mr. Johnson that he wanted to transfer because climbing up and down the stairs was bothering his knee. Plaintiff also told Mr. Johnson that he had hurt his knee in Florida a couple of years before, but he made no mention of injury related to his job with defendant-employer.
4. Plaintiff apparently saw a chiropractor, Dr. Susan Russell on 11 July 1994 and complained of a knee injury at work. However, Dr. Russell found what appeared to be a fresh injury to his knee, not one that was a week old. Furthermore, there was no protrusion on the machine which plaintiff's knee could have struck as he was coming down the steps. In view of these and other inconsistencies and plaintiff's demeanor at the hearing, his alleged onset of knee problems associated with his work for defendant-employer is not accepted as credible.
5. The condition for which plaintiff was treated beginning on 11 July 1994 did not result from an injury by accident arising out of and in the course of his employment with defendant on 6 July 1994 or any other date.
* * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The knee condition for which plaintiff was treated beginning on 11 July 1994 did not result from an injury by accident arising out of and in the course of his employment with defendant-employer on 6 July 1994 or any other date. G.S. § 97-2(6); Anderson v.Northwestern Motors Company, 233 N.C. 372 (1951).
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act for his knee condition. G.S. § 97-2 etseq.
* * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Under the law, this claim must be, and is hereby DENIED.
2. Each side shall pay its own costs.
 S/ _________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER