The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
**********
The stipulations of the parties contained in the pre-trial agreement dated December 28, 1995, along with a bound packet of stipulated documents, are HEREBY INCORPORATED into the record.
Based upon all of the competent, credible, and convincing evidence of record, the undersigned make the following
FINDINGS OF FACT
1. At the time of the claimed injury giving rise to this action, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between the plaintiff and the defendant-employer.
3. State Farm Fire and Casualty Company was the workers' compensation insurance carrier on the risk.
4. At such time, the plaintiff's average weekly wage was $199.50.
5. The plaintiff, age forty-three at the time of the initial hearing, began working as a floral arranger in the defendant-employer's retail business on March 28, 1995. Her job duties included making floral arrangements and stocking the floral department.
6. The plaintiff stated that on June 20, 1995, she "pulled something" in her back when she was carrying two pieces of wicker furniture that had been purchased by a customer, Debbie Jordan, and that she had sustained an injury at that time.
7. In fact, however, Debbie Jordan ("Jordan") was a friend of the plaintiff and had given the plaintiff money to purchase the wicker furniture for Jordan using the plaintiff's thirty percent employee discount. This action was in clear violation of the employer's known policy. The plaintiff then represented to the defendant-employer that she, the plaintiff, was purchasing the furniture and bought it with her employee discount.
8. Due to the plaintiff's demeanor, her changing testimony, her fraudulent actions in purchasing the furniture, and the testimony of other credible witnesses, the deputy commissioner was unable to accept the plaintiff's testimony relating to the claimed injury as credible or convincing. Likewise, the testimony of Jordan, who testified on behalf of the plaintiff, was not accepted as credible or convincing with regard to the claimed injury due to her demeanor, her involvement in the scheme to buy the furniture, and the testimony of other credible and convincing witnesses. The undersigned defer to the deputy commissioner's credibility determination in this case and see no convincing reason to set it aside.
9. The plaintiff has failed to prove by the greater weight of the competent, credible, and convincing evidence that she sustained either an injury by accident or an injury as a direct result of a specific traumatic incident arising out of and in the course of her employment with the defendant-employer.
**********
The foregoing findings of fact engender the following
CONCLUSIONS OF LAW
1. In passing upon issues of fact, the Commission is the sole judge of the credibility of the witnesses and of the weight to be given their testimony. It may accept or reject the testimony of a witness, either in whole or in part, depending solely upon whether it believes or disbelieves the same. Andersonv. Northwestern Motor Company, 233 N.C. 372 (1951).
2. Due to the lack of credible or convincing evidence, the plaintiff has failed to prove by the greater weight of the evidence that she sustained either an injury by accident or an injury as a direct result of a specific traumatic incident arising out of and in the course of her employment with the defendant-employer. N.C.G.S. § 97-2(6).
3. However, even if the plaintiff's account of the alleged injury had been accepted as credible or convincing, the incident did not arise out of or in the course of her employment with the defendant-employer. N.C.G.S. § 97-2(6).
4. The plaintiff did not sustain either an injury by accident or an injury as a direct result of a specific traumatic incident arising out of and in the course of her employment with the defendant-employer. N.C.G.S. § 97-2(6).
5. The plaintiff's claim is not compensable under the provisions of the North Carolina Workers' Compensation Act.
N.C.G.S. § 97-2(6).
**********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
ORDER
1. The plaintiff's claim is hereby DENIED.
2. The plaintiff shall pay the costs, including the cost of the deposition of Mr. McGee.
Defendants have moved, pursuant to N.C.G.S. § 97-88.1, for attorney's fees associated with defending this claim to be assessed against plaintiff. The undersigned, in their discretion, DENY the motion.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the _________ day of _________________, 1998.
FOR THE FULL COMMISSION
 S/ __________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/kws