The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***************
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing as:
 PRE-TRIAL STIPULATIONS
1. Employee is Timothy Guthrie.
2. Employer is Rodney Rose d/b/a Rose Seafood.
3. The carrier on the risk is Aetna Casualty Surety Company.
4. Defendant-employer regularly employs three or more employees and is bound by the North Carolina Workers' Compensation Act.
5. The employer-employee relationship existed between the employer and the employee on or about March 17, 1995, the alleged date of injury. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
6. The plaintiff's average weekly wage will be determined from an Industrial Commission Form 22, properly completed and submitted into evidence or other sufficient wage information.
7. Plaintiff's claim is for a back injury which plaintiff contends arose out of an accident in the scope and course of his employment, which said claim defendants have denied.
The parties at the hearing submitted written pretrial stipulations dated February 11, 1997 which are incorporated by reference. In addition, they stipulated into evidence a packet of medical records and reports consisting of sixty-three pages.
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff, who is presently thirty-one years old, worked for approximately eleven years off and on for defendant-employer, a commercial seafood establishment. His job duties included cleaning fish, packing them and performing odd jobs such as carpentry work which might be needed.
2. Plaintiff alleges that on March 17, 1995 he, Mary Rose and George Jones were moving a large freezer when he slipped and fell to the floor, injuring his back. However, his allegation is not accepted as credible. Neither Mary Rose nor George Jones, who was a refrigeration repairman not in the employ of defendant-employer, remembered any such event taking place. In fact, Mr. Jones was not there that day. Furthermore, when plaintiff was later seen by Dr. Goodno, he indicated that there had been no recent injury, nor did he give such a history to Dr. Hardee on April 13, 1995.
3. In March 1995 plaintiff developed symptoms of a back condition with sciatica for which he received medical treatment beginning April 4, 1995. However, in view of the many inconsistencies in the record, his back condition was not proven to have resulted from either an injury by accident arising out of and in the course of his employment or a specific traumatic incident of the work assigned occurring on or about March 17, 1995.
 ***************
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer or a specific traumatic incident of the work assigned on or about March 17, 1995. G.S. § 97-2(6); Anderson v. Northwestern MotorCompany, 233 N.C. 372 (1951).
 ***************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. This claim is hereby DENIED.
2. Each side shall pay its own costs.
This ___ day of May 1998.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________ THOMAS J. BOLCH COMMISSIONER
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
DCS:bjp