Upon review of all of the competent evidence of record and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement, addendum to the Pre-Trial Agreement, and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties hereto are subject to and bound by the provisions of the North Carolina Workers' Compensation Act;
2. The employer-employee relationship existed between the employee-plaintiff and the employer-defendant;
3. The employer-defendant employed four or more employees;
4. The employer-defendant is insured by Aetna;
5. The alleged injury date is July 8, 1996.
6. The following documents were stipulated into evidence:
A. Letter from John Savage, 8-26-96.
B. Letter from Paul Driscoll, 8-26-96.
C. Letter from Dennis Cook, 8-15-96.
D. Termination form, signed by Doug Binkly, 8-8-96.
E. All plaintiff's medical records.
F. All I.C. Forms relating to Claim #666652
G. Form 33, I.C. #472988
H. Dept. of Labor Form, 8-30-94.
I. Form 22, to be produced.
 J. Records from Disability Insurance Company, subject to parties objections.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. As of July 8, 1996, plaintiff had been employed by defendant-employer approximately one month as a millwright apprentice. His job involved helping the mechanics install and set up equipment at the Phillip Morris plant where the company was working.
2. Plaintiff alleges that on July 8, 1996, he was asked by his foreman to get under the floor panel of a machine they were installing and to lift it up with his shoulders; that the floor panel was approximately three feet high; and that, when he pushed it up as directed, he injured his back. However, he did not report such an injury to his supervisor at any time and, when he went to the chiropractor that night, he stated that he was first aware of the problem on July 4 and that it developed at work due to a lot of bending, stooping, squatting and heavy lifting. On July 11, 1996 he went to Dr. Brown, an orthopedic surgeon, and indicated that he did not recall any specific trauma. He never advised Dr. Brown of an injury at work but rather on the intake sheet stated that he was not hurt at work and did not want to file under workers' compensation. The first time he reported an injury at work to his employer was on August 15, 1996 after he had been terminated for excessive absenteeism.
3. Due to the inconsistent histories and his demeanor at the hearing, plaintiff's allegation that he hurt his back at work on July 8, 1996 was not found to be credible by the Deputy Commissioner. The Full Commission declines to reverse the Deputy Commissioner's credibility determination.
4. Plaintiff was treated by Dr. Brown for back, right hip and leg pain. An MRI was performed which revealed a possible herniated disk at L4-5 and evidence of avascular necrosis in both hips. Since an epidural block gave him some temporary relief from his symptoms, Dr. Brown concluded that plaintiff's back was probably the source of most of his pain, so on October 19, 1996 the doctor referred him to Dr. Lyerly for evaluation. Dr. Lyerly ultimately performed surgery in December and again in January 1997 to decompress plaintiff's lumbar spine. Plaintiff had not returned to work by the date of hearing before the Deputy Commissioner.
5. Plaintiff did not prove that the back condition for which he was treated beginning July 8, 1997 was due to either an injury by accident arising out of and in the course of his employment or a specific traumatic incident of the work assigned occurring on that date.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer or a specific traumatic incident of the work assigned on July 8, 1996. G.S. § 97-2(6); Anderson v. Northwestern Motor Company,233 N.C. 372, 64 S.E.2d 265 (1951).
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act for his back condition. G.S. § 97-2 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, this claim is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of July 1998.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________ RENÉE RIGGSBEE COMMISSIONER