The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. As the appealing party has not shown good ground to reconsider the evidence, receive further evidence or rehear the parties or their representatives, the Full Commission affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Corporate Staffing Consultants, Inc. was a self-insured employer.
In addition, the parties stipulated into evidence the following:
1. Form 22 dated 7 March 1997.
2. Fifteen pages of medical records and reports.
 ***********
The Full Commission affirms the findings of fact found by Deputy Commissioner Chapman and finds as follows:
 FINDINGS OF FACT
1. Plaintiff, who on the date of hearing before the Deputy Commissioner was forty-seven years old and a high school graduate, began working for defendant temporary employment agency in June 1995. He was assigned to work at the Florida Steel plant where his duties involved working with another employee in stacking twenty foot "flats" or "angles" of steel. The pieces of steel were located on a stacking table which was approximately waist high. The two employees would grasp the ends of a piece of steel, carry it to a "cradle" and stack it on the cradle. Once the stack was ten to twelve inches high, they would band it, and the stack would be removed by a crane operator. The cradle was approximately table height.
2. Plaintiff alleges that on or about 14 November 1995 he was working in a different area where he had to climb up tall stacks of steel in order to hook chains to the ends so that a crane could load the steel onto a truck. His foot became hung as he was climbing a stack, causing him to fall to the ground. He had been instructed not to work in the area alleged and, in fact, never did work there. He did not report an injury of any kind to his supervisor, and on 7 December 1995 when he first went to the emergency room for back pain, he told the physician's assistant that he twisted his ankle a week before and subsequently developed leg pain without mentioning a fall or an injury at work. On 25 December 1995, he related no injury when he was seen again in the emergency room. He called his supervisor at defendant-employer the next day to advise that he was having problems, that he would need a week off and that it was probably an old injury. When he saw Dr. Buter on 29 December, plaintiff stated that he had been having low back and leg pain for four to five months with no known injury or trauma.
3. The first time plaintiff mentioned an injury while climbing steel to anyone was on 4 January 1996, when he saw Dr. Hicks. However, he subsequently denied to his supervisor that he had been hurt at Florida Steel. In fact, his primary supervisor at Florida Steel knew nothing about an alleged injury at work.
4. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment on 14 November 1995, as he has alleged. His back condition did not result from any injury or specific traumatic incident at work. Furthermore, he did not provide notice of an injury to his employer until well over thirty days after it was alleged to have occurred. There was no reasonable excuse for the delay and it prejudiced defendant's investigation of the claim.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer or a specific traumatic incident of the work assigned on 14 November 1995. N.C. Gen. Stat. § 97-2(6); Anderson v. NorthwesternMotor Company, 233 N.C. 372, 64 S.E.2d 265 (1951).
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act for his back condition. N.C. Gen. Stat. § 97-2,et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
 S/ _______________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ _____________________ THOMAS J. BOLCH COMMISSIONER
S/ _____________________ LAURA KRANFELD MAVRETIC COMMISSIONER