Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Cincinnati Insurance Company was the carrier on the risk.
4. The date of the alleged injury was October 29, 1996.
5. Plaintiff's last date of work for defendant-employer was October 30, 1996.
 In addition, the parties stipulated into evidence the following:
 a. An indexed packet of medical records and reports.
b. I.C. Forms 22.
 ***********
Based upon the competent evidence of record herein, the Full Commission adopts the Findings of Fact of the deputy commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff, who is presently fifty-four years old, began working for defendant-employer in June 1987. In October 1996 she was working at the Matthews location as an assignment clerk. Her department was responsible for coordinating whatever was necessary in order to have telephone service initiated or equipment installed or repaired for customers who called in to the department. She worked in a room divided into four areas or cubicles by partitions which were part of an office system arrangement. Each work area had four stations. The employees faced the corner sections of the cubicle area where they had computers and telephones with which they worked. The room was designed to have sixteen work stations. There were three other employees working in the same cubicle as plaintiff and, since the partitions along the center aisle between the cubicles were fairly low, employees in the cubicle across the aisle could see into plaintiff's work area if they looked.
2. On October 29, 1996 plaintiff was working at her work station when Wayne Maddox, one of the supervisors, came into the cubicle where she worked holding some work orders. He had been called about the orders because they had not been taken care of that day, so he questioned plaintiff, to whom the orders had been assigned, to find out what the problem was. Plaintiff reacted very strongly and made sarcastic comments. Both she and Mr. Maddox became angry and raised their voices, attracting the attention of the other employees working in the room.
3. Plaintiff alleges that when Mr. Maddox asked her to follow him to his office, he also grasped the back of her chair and jerked it away from her desk, causing her to be thrown forward in her chair. She claims that she hurt her back at that time. However, none of the other women working in that cubicle or in the cubicle across the aisle saw him do such a thing, and they were paying attention to what was taking place. Consequently, plaintiff's allegation is not accepted as credible. Mr. Maddox did not jerk her chair or otherwise do anything to cause her to injure her back on that occasion.
4. Plaintiff was treated for back, right hip and leg pain beginning October 30, 1996 at Kaiser and was subsequently referred for orthopedic and neurologic evaluation. Nerve testing revealed no abnormalities or changes since previous testing in 1994 when she was having similar complaints. After a pentothal pain study, Dr. Hicks, the orthopedic surgeon, concluded that her pain was nonphysiogenic in nature. However, she remained out of work until the date of hearing.
5. The back condition for which plaintiff was treated beginning October 30, 1996 was not due to either an injury by accident arising out of and in the course of her employment or a specific traumatic incident of the work assigned.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer or a specific traumatic incident of the work assigned on October 29, 1996. N.C. Gen. Stat. § 97-2(6); Anderson v.Northwestern Motor Company, 233 N.C. 372, 64 S.E.2d 265
(1951).
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act for her back and hip condition. N.C. Gen. Stat. § 97-2 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _______________ RENÉE C. RIGGSBEE COMMISSIONER
S/ _______________ CHRISTOPHER SCOTT COMMISSIONER