This case was reviewed by the Full Commission on September 2, 1999 upon appeal of plaintiff from an Opinion and Award by Deputy Commissioner Morgan S. Chapman filed February 17, 1999. Following the hearing before the Deputy Commissioner, depositions were taken from Drs. Gregory K. Hardigree and Sivalingam Siva and admitted into evidence.
Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS with minor modifications the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement dated August 20, 1998 as:
 STIPULATIONS
1. All parties are subject to or bound by the Workers' Compensation Act.
2. Plaintiff was employed by defendant on February 4, 1997, and prior thereto.
3. The N.C. Home Builders — Self Insurers Fund, Inc. was the servicing agent for the self-insured employer at all times relevant to this claim.
4. An indexed packet of documents including medical records, responses to interrogatories and a recorded statement was stipulated into evidence.
5. An I.C. Form 22 wage chart which was submitted after the hearing was stipulated into evidence.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, 39 years old at the time of the hearing before the Deputy Commissioner, began working for defendant in February, 1997. Defendant was a residential construction company, and plaintiff worked as a carpenter. His duties included framing houses, doing the trim work and helping with other tasks necessary to complete the building process. He had previously worked for the company in a similar capacity.
2. Plaintiff has alleged that on an unknown date in the second week of April 1997 he helped to lift a heavy steel I-beam onto a wall of a house which was under construction and he injured his back. It was clear that the incident he described did, in fact, occur. He and two co-workers, Eric Kinley and Larry Tate, lifted one end of an I-beam onto a ladder; he then climbed on top of the wall and reached down to pull the I-beam up to that level while it was being lifted from below. Once that side was on the wall, the process was repeated for the other end of the I-beam. However, since Larry Tate was working with him on the date that his injury occurred and since Mr. Tate only worked for the company from February 19, 1997 through February 21, 1997, the incident did not occur in April, but rather occurred on one of three days in February.
3. At the time of the incident in February, 1997, plaintiff did not complain of back pain or of having been injured, but he did scrape his shoulder. Eric Kinley testified that he did not recall plaintiff indicating that he was in any distress whatsoever.
4. In April, 1997, without specifying a cause of the problem, plaintiff complained of back pain to Mr. and Mrs. Broadrick, the principals of the company. They advised him to go to a chiropractor. Plaintiff made an appointment with Dr. Robert L. Hay and went to his office for treatment on April 30, 1997. Plaintiff filled out an intake form noting that he had been having symptoms of low back pain for nine months. He was asked if the condition was related to an accident and, if so, how it had occurred. Plaintiff answered with a question mark; however, in Dr. Hay's notes there was a history of plaintiff having fallen from a silo as a child.
5. The back and leg symptoms plaintiff was experiencing did not improve with treatment by Dr. Hay. On May 12, 1997 plaintiff went to Dr. Phoenix, a chiropractor. Plaintiff gave a history of having had low back pain off and on for a year with more constant symptoms recently. The only history of injury recorded was the fall from the silo as a child.
6. Plaintiff then went to Dr. Gregory K. Hardigree, an orthopedic surgeon, on May 21, 1997. He told Dr. Hardigree that he had been having symptoms for nine months since lifting a heavy wall at work. At that time, he had been employed by defendant for less than four months.
7. Dr. Hardigree subsequently performed two operations to plaintiff's back for a ruptured disc at L4-5 combined with spinal stenosis. Dr. Sivalingam Siva, a neurosurgeon, participated in the second operation.
8. In view of the inconsistent histories given to his doctors and the inaccurate date of injury given, plaintiff's allegation that he injured his back while lifting an I-beam for defendant-employer is not accepted as credible. Furthermore, Dr. Siva could not give the opinion that there was a causal relationship between plaintiff's ruptured disk and other back problems and a lifting injury at work. Dr. Hardigree could not opine based on the history plaintiff gave to Dr. Hay on April 30, 1997 (shortly after his alleged injury) what caused plaintiff's back condition or when it occurred. Consequently, even if plaintiff had had some sort of injury when he lifted the I-beam, his subsequent back problems were not proven to have been a proximate result of that incident.
9. The back condition for which plaintiff was treated beginning April 30, 1997 was not proven to have been due to a specific traumatic incident of the work assigned occurring in April 1997 or at any other time during his employment with defendant.
***********
Based on the foregoing findings of fact and stipulations, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The back condition for which plaintiff was treated beginning April 30, 1997 was not proven to have been due to a specific traumatic incident of the work assigned occurring in April 1997 or at any other time during his employment with defendant. N.C. Gen. Stat. § 97-2(6); Anderson v. Northwestern MotorCompany, 233 N.C. 372, 64 S.E.2d 265 (1951).
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act for his back condition. N.C. Gen. Stat. § 97-2et seq.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_____________ LAURA K. MAVRETIC COMMISSIONER