It is well settled that the aggravation or acceleration of a preexisting medical condition is compensable under the Workers' Compensation Act. See Anderson v. Northwestern Motor Co., 64 S.E.2d 265
(N.C. 1951). Moreover, an employer accepts an employee "as is," and is responsible for the entire disability resulting from the aggravation or acceleration of the employee's medical condition. Anderson v. A.M. SmyreMfg. Co., 283 S.E.2d 433 (N.C.App. 1954). No apportionment is made between the preexisting condition and the contribution of the new injury. Id.
In this case before the Commission, plaintiff sustained an injury to his neck on or about April 25, 1999, which was found not to be related to his employment with defendant in an Opinion and Award issued by this Commission on June 12, 2002 (I.C. No. 017637). Dr. Martin Henegar, a neurosurgeon and plaintiffs physician, performed a posterior discectomy at C5-6 on July 16, 1999, and took plaintiff out of work until August 5, 1999. (Henegar Dep. p. 5-6). On a follow-up visit with plaintiff on August 3, 1999, Dr. Henegar noted that plaintiff was "recovering well" from surgery and was cleared to return to work. (Henegar Dep. p. 10). However, the work given to plaintiff by defendant upon his return to work caused him to suffer additional neck pain as well as numbness and tingling down his arm. (Tr. p. 24).
Although the majority stated that plaintiff did not report an alleged injury to his employer on or about August 17, 1999, the record shows that plaintiff, within the first two days of his return to work, did indeed report his pain to management while accompanied by his union representative, Eura Crocker. (Tr. p. 23-25). Mr. Crocker corroborated plaintiffs account and testified to the same. (Tr. p. 108-109). Plaintiff returned to Dr. Henegar on August 19, 1999. According to Dr. Henegar, plaintiff "reported that he had been doing well, but, after going back to work, he developed a recurrence of his shoulder and neck pain." (Henegar Dep. at 10). Dr. Henegar testified that plaintiff's symptoms were consistent with muscle inflammation or irritation. Additionally, Dr. Henegar opined that: "Based on my records it did appear that the activity [plaintiff] was performing at work did, in fact, cause an exacerbation of his symptoms and thereby . . . worsened his postoperative condition." (Henegar Dep. p. 33).
Consequently, the majority has erred in failing to compensate plaintiff for the work-related aggravation of plaintiffs preexisting medical condition as permitted under the Workers' Compensation Act. Defendant, having knowledge of plaintiffs preexisting neck condition. accepted plaintiff "as is" by offering him return employment after his neck surgery. Thus, defendant should pay compensation to plaintiff for any resulting work-related aggravation to plaintiffs neck. For these reasons, I must respectfully dissent from the majority's Opinion and Award.
 S/_____________ THOMAS J. BOLCH COMMISSIONER