***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award of the Deputy Commissioner. The Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with some modifications and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and named employer.
3. Selective Insurance Company was the carrier on the risk.
4. In addition, the parties stipulated into evidence the following:
a. Packet of Industrial Commission Forms.
b. Packet of medical records and reports.
c. Transcript of recorded statement.
d. Defendants' answers to plaintiff's discovery requests.
e. Plaintiff's answers to defendants' discovery requests.
 *********** RULINGS ON EVIDENTIARY MATTERS
1. Defendants' motion to dismiss plaintiff's appeal for failure to file a Form 44 and brief is DENIED.
2. Plaintiff's motion to receive additional evidence into the record is DENIED.
 ***********
Based upon all of the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was thirty-nine years old at the time of the hearing before the Deputy Commissioner, and has completed two years of college. Plaintiff began working for defendant-employer in November 2002 as a route driver. His job included driving a truck on a route in the Jacksonville area to deliver beer to stores. The beer for each customer was placed onto a rolling pallet and covered with shrink-wrap. When he arrived at an assigned store, plaintiff pulled the merchandise into the store and stacked it onto the shelves for the customer.
2. On December 28, 2000 plaintiff was working with Terry Coston, a new employee who was supposed to learn the Jacksonville route so that he could work as a relief driver. Plaintiff had a bad cold so when Mr. Coston drove the truck to the fueling area, he gave Mr. Coston his fuel card and PIN number so that Mr. Coston could fuel the truck. Once the truck was fueled, Mr. Coston drove the route while both of them made the deliveries. John Spaulding, plaintiff's supervisor, met them at one of the convenience store customers on the route to check their progress. At the end of the day when they arrived back at the Wilmington facility, plaintiff told Dan Gaffney, the warehouse manager, that he had slipped on the fuel pump island and injured his ankle. Mr. Gaffney sent him to Jennifer McLaurin, the human resources manager, and he caught her as she walking through the warehouse on her way to her car. Since she was leaving work, she told him to call his supervisor to notify Mr. Spaulding of the injury and to come by her office the next day to fill out an accident report.
3. Plaintiff called in sick on December 29, 2000 and stayed out of work the next week with the flu. Consequently, Ms. McLaurin filled out an incident report based upon what he had told her on December 28, 2000. She also asked Mr. Spaulding on December 29, 2000 if plaintiff had reported an injury to him. Plaintiff had not told Mr. Spaulding about an injury, although they had discussed plaintiff's health at the convenience store the day before, so Mr. Spaulding asked Mr. Coston about the situation. Mr. Coston advised that plaintiff could not have hurt himself as reported because plaintiff sat in the truck while Mr. Coston filled the fuel tank. In any event, plaintiff had not mentioned an injury to Mr. Coston throughout the entire day that they worked together.
4. The issue of a work related injury did not resurface until January 15, 2001 when plaintiff reported for work with his foot in a cast. Plaintiff went to Ms. McLaurin who became very frustrated with him since he had done nothing she had instructed him to do, including seeing her before getting medical treatment. At that point plaintiff told Ms. McLaurin he ended up at the emergency room the day before, implying that the doctor his employer used had sent him there. Ms. McLaurin confirmed that what plaintiff told her was untrue and then confronted him. Plaintiff's response was that it seemed easier to tell Ms. McLaurin what she wanted to hear.
5. Plaintiff had taken almost $1,400.00 from his deposit bag for work and had replaced the cash with personal checks for which he had insufficient funds. Plaintiff stopped reporting for work on January 26, 2001 and then failed to return calls or respond to letters from the company regarding the money. Plaintiff testified that it was a regular practice for employees to write personal checks and take money from the deposit funds.
6. Plaintiff testified that he did get out of the truck while Mr. Coston was fueling it and that he slipped on the step of the truck as he was climbing back into it, twisting his ankle. Plaintiff's allegations were not accepted as credible by the Deputy Commissioner and the Full Commission declines to reverse the credibility determination. The greater weight of the evidence of record shows that plaintiff did not get out of the truck and could not have hurt himself, either by slipping on the fuel island, as he originally described, or by slipping on the step of the truck.
7. In the months following his departure from defendant-employer, plaintiff began working as a route driver for Merita Bread and was seen wearing a Merita uniform by Dan Gaffney and John Spalding while making deliveries to stores. Plaintiff did not deny this allegation.
8. Based upon the greater weight of the evidence of record, the Full Commission finds that plaintiff failed to prove that he sustained an injury by accident on December 28, 2000.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer on December 28, 2000. N.C. Gen. Stat. § 97-2(6); Anderson v. Northwestern MotorCompany, 233 N.C. 372, 64 S.E.2d 265 (1951).
2. Plaintiff is not entitled to benefits under the North Carolina Workers' Compensation Act for his ankle condition. N.C. Gen. Stat. §97-2 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law plaintiff's claim for workers' compensation benefits must be and is hereby DENIED.
2. Each side shall pay its own costs.
This ___ day of February 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
LKM/kjd