The majority in the present case erred in failing to find that plaintiff sustained a compensable specific traumatic incident to her lower back on October 20, 1999, that plaintiff needs continuing medical treatment for her compensable injures, and further erred in finding that plaintiff refused suitable employment offered by defendant-employer.
The weight of the credible evidence of record establishes that plaintiff did sustain a compensable specific traumatic incident to her lower back on October 20, 1999. Plaintiff testified that she immediately felt pain in her back as well as her shoulders while attempting to roll the tarp over her load. Plaintiff's testimony is credible, and there are no findings to the contrary. Not only does plaintiff's testimony describe a specific traumatic incident, the weight of the medical evidence supports that this incident caused plaintiff's lower back pain. The majority found that plaintiff's treating physicians failed to provide a causal link between plaintiff's low back condition and her work-related injury on October 20, 1999. However, it is not necessary that the expert testimony show that the work incident caused the injury to a reasonable degree of medical certainty. Peagler v. Tyson Foods, Inc.,138 N.C.App. 593, 535 S.E.2d 207 (2000). Rather, it is only necessary that the competent evidence shows that the accident might have or could have at least produced the particular disability in question. Id. at 599, 211.
Dr. Verrilli, plaintiff's family physician, testified during deposition that it was possible that plaintiff's accident on October 20, 1999, caused the injury to her lumbar spine, but later testified under cross-examination that it was unlikely plaintiff's back injury was related to her accident on October 20, 1999, because she did not complain of back pain. However, the evidence of record establishes that plaintiff did in fact complain of lower back pain as early as November 15, 1999, less than 30 days following her accident. Dr. Verrilli performed a physical examination of plaintiff's lumbar spine on that date. Dr. Verrilli testified that, even though he did not note in his dictation complaints of lower back pain, plaintiff must have complained of such pain for him to have performed a physical examination of her lumbar spine. Dr. Verrilli also testified that based on his note on November 22, 1999, plaintiff must have complained of back pain on that date as well.
Dr. Sampson, who also treated plaintiff, testified during deposition that the work incident on October 20, 1999, caused plaintiff's complaints of back pain, or at least aggravated some underlying problems. There is no evidence of record that plaintiff had any pre-existing back problems. However, even assuming plaintiff did have some underlying pre-existing back problems, when an employee afflicted with a pre-existing disease or infirmity suffers a personal injury by accident out of and in the course of her employment, and such injury materially accelerates or aggravates the pre-existing disease or infirmity, the injury is compensable.Anderson v. Northwestern Motor, Co., 223 N.C. 372, 64 S.E.2d 265 (1951). Thus, the medical testimony of Drs. Verrilli and Sampson support a causal link between plaintiff's lower back pain and the work-related accident on October 20, 1999.
As a consequence of her compensable injuries, plaintiff continues to require medical treatment, even for injuries to her neck and shoulder that the majority found to be compensable. Although some of plaintiff's treating physicians do not believe she needs further medical treatment, greater weight should be given to the opinions of the physicians who do believe plaintiff requires further treatment. The record shows that Dr. Huff believed that plaintiff needed shoulder surgery. Likewise, Dr. Ramachandran testified during deposition that plaintiff continues to suffer from neck pain radiating into her shoulders, and stated that physical therapy would help plaintiff's ongoing neck pain. Dr. Ramachandran also testified that plaintiff may benefit from returning to an orthopaedic doctor, and also mentioned pain management for plaintiff's ongoing problems. Further, Dr. Sampson testified that plaintiff needed ongoing medical treatment, including psychological treatment due to the significant stress and depression component to her symptoms. Notwithstanding the medical treatment required for her lower back problems, it is clear from the testimony of Drs. Huff, Ramachandran, and Sampson that plaintiff continues to have medical problems as a result of her admittedly compensable injuries to her neck and shoulders, and would benefit from additional medical treatment.
As to the majority's finding that plaintiff refused suitable employment offered by defendant-employer, the undersigned finds that defendant has failed to offer any evidence that work is available to plaintiff within her limitations. Defendant-employer did provide light-duty work for plaintiff for a period of time. However, on or about August 1, 2001, defendant-employer failed to make such position, or any other light-duty position, available to plaintiff. Plaintiff's supervisor, J.W. Creech, confirmed in his testimony that light-duty work was no longer made available to plaintiff on or about August 1, 2001, because plaintiff's restrictions were due to what defendant deemed a non-work-related injury. This assertion by defendant is not supported by the evidence of record, which shows that the majority of plaintiff's treating physicians have placed limitations on her ability to work. Dr. Allen testified during deposition that plaintiff had restrictions of no overhead activity and no use of her right upper extremity from December 2000 through December 2001. Dr. Ramachandran testified that he placed restrictions on plaintiff to include no pushing, pulling, or lifting greater than ten pounds, and that these restrictions were still in place at the time of his deposition. Dr. Sampson testified that plaintiff cannot lift greater than ten pounds, cannot sit for longer than ten minutes, and cannot stand or walk for prolonged periods of time. These restrictions are consistent with the results of the functional capacity evaluation that was performed on August 14, 2000. Plaintiff performed the light-duty job for as long as it was made available to her, and testified that she would return to work if light-duty work was provided to her by defendant-employer. Thus, defendant has failed to provide evidence to demonstrate that plaintiff refused suitable employment offered by defendant-employer.
The greater weight of the competent, credible evidence of record establishes that plaintiff's lower back injury is causally related to her admittedly compensable accident on October 20, 1999. The evidence further establishes that plaintiff is entitled to ongoing medical treatment. Finally, plaintiff has satisfied her burden of proving disability since August 1, 2001.
For these reasons, I respectfully dissent from the majority's Opinion and Award in this matter.
This 31st day of January 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER