DIETZ, Judge.
Plaintiff Miguel Trudel sought workers' compensation benefits for a workplace injury he allegedly suffered while working on a roof for Defendant TCI. At the hearing on this claim, TCI produced evidence discrediting Trudel's claims. For example, Trudel initially asserted that the accident occurred on 7 March 2014, but after discovery revealed that no roof work was done on that day, he changed his story and said the accident occurred on 6 March 2014. Although there were four other workers on the roof that day, only one worker witnessed the accident and his story, too, varied over time. Indeed, business records from TCI suggested that witness was not even working on 6 March 2014. And, when Trudel's employer initially asked other employees if anyone saw the accident, Trudel's witness did not recall seeing anything at that time. Trudel's version of how the accident occurred also varied widely over time and TCI produced physician's notes and other evidence that contradicted Trudel's testimony at the hearing.
Based on this conflicting testimony and evidence, the Commission found that Trudel's testimony, and that of his coworker who witnessed the accident, was not credible and that Trudel failed to prove he suffered a workplace injury by accident on either 6 March 2014 or 7 March 2014. The Commission also alternatively found that Trudel failed to prove causation because, setting aside testimony relying solely on the notion of post hoc ergo propter hoc, there was no evidence to show his injury resulted from something other than ordinary wear and tear.
As explained below, under the narrow standard of review applicable to appeals from an opinion and award of the Industrial Commission, we must affirm. Our review is limited to determining whether the Commission's findings are supported by at least some competent evidence. Here, although Trudel points to substantial evidence supporting contrary findings, there is competent evidence supporting the Commission's findings. We are not permitted to second guess the Commission in these circumstances. Accordingly, we affirm the Industrial Commission's opinion and award.
Facts and Procedural History
In early March 2014, Miguel Trudel claims he suffered a right shoulder injury when he slipped while working on the roof of a job site for his employer, TCI. Trudel did not report the injury to TCI when it happened. On 11 March 2014, Trudel quit his job.
On 31 March 2014, Trudel saw a physician's assistant complaining of pain in his shoulder. According to medical notes, Trudel explained that he slid down on a roof and caught himself with his right arm. He said the date of his injury was 7 March 2014.
That same day, Trudel filed a workers' compensation claim for his shoulder injury. He listed the date of the injury as 7 March 2014. The following week Trudel filed an amended claim, again listing 7 March 2014 as the date of the injury.
Trudel continued to seek treatment for his shoulder pain, and an MRI eventually revealed a full-thickness tear on his right rotator cuff. Trudel later saw an orthopedist. During his initial consultation with the orthopedist, he explained that "he fell through an opening in [a] roof" but "was able to catch himself," pulling his "right upper extremity" in the process. Trudel also said the date of his injury was 7 March 2014.
On 16 May 2014, Defendants recorded a statement from Trudel concerning his alleged workplace injury. In his statement, Trudel again said he was injured on 7 March 2014. Defendants also contacted Alan Cain, one of Trudel's coworkers and a purported eyewitness to the injury, and sought a recorded statement from him. In his recorded statement, Cain said that Trudel slipped while working on a roof and caught himself on a metal stud to keep from falling, pulling his shoulder in the process. Cain also gave the date of Trudel's injury as "the 7th" but did not specify a month.
At some point during discovery, Defendants provided business records and other evidence indicating that no TCI employee performed any roof work on 7 March 2014. On 4 August 2014, Trudel filed a second amended Form 18, this time alleging that the date of injury was 6 March 2014, not 7 March 2014.
Chief Deputy Commissioner Christopher Loutit heard Trudel's claim on 4 September 2014. At that hearing, Trudel testified that he was walking backwards on a roof when he began to slip down and, to keep from falling, caught himself on a roof brace. He also gave the date of injury as 6 March 2014, not 7 March 2014. Cain also testified at the hearing and gave the date of Trudel's alleged injury as 6 March 2014, not "the 7th" as he had done in his recorded statement to Defendants. As to Trudel's mechanism of injury, Cain indicated that Trudel "slipped and fell," catching himself under his right armpit.
Additionally, in a deposition conducted before the hearing, one of Trudel's doctors testified about the mechanism of injury Trudel had discussed with him at their initial consultation. After being shown the notes from Trudel's initial visit with the physician's assistant, this deponent remarked that the mechanism of injury documented in the physician's assistant's notes was "different then [sic] what [he] ha[d] documented in [his] notes."
On 9 February 2015, Chief Deputy Commissioner Loutit denied Trudel's claim. Trudel appealed to the Full Commission, which heard his claim on 14 July 2015. The Full Commission entered an opinion and award affirming the Chief Deputy Commissioner's order on 13 August 2015, and Trudel timely appealed to this Court.
Analysis
Trudel raises two arguments on appeal. First, he argues that the Commission erred by ignoring evidence contradicting several of the Commission's key findings. Second, he argues that the Commission erred by rejecting Dr. Jerry Barron's expert testimony on the ground that it suffered from the post hoc ergo propter hoc logical fallacy. We address these arguments in turn.
I. Commission's Findings Concerning Compensable Injury
Trudel first challenges the Commission's finding that he did not suffer a compensable work injury by accident. As explained below, we reject Trudel's arguments because the Commission's finding is supported by competent evidence and this Court is not permitted to second guess the Commission's determination of the weight or credibility afforded to competing evidence.
This Court reviews an opinion and award from the Industrial Commission "only to determine whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." Medlin v. Weaver Cooke Constr., LLC, 367 N.C. 414, 423, 760 S.E.2d 732, 738 (2014). Importantly, the Commission "is the sole judge of the credibility of the witnesses and the weight of the evidence." Id . Indeed, our Supreme Court has emphasized that, as a fact finder, the Commission is free to "accept or reject the testimony of a witness, either in whole or in part, depending solely upon whether it believes or disbelieves the same." Anderson v. Nw. Motor Co., 233 N.C. 372, 376, 64 S.E.2d 265, 268 (1951).
After making various evidentiary findings concerning inconsistencies in Trudel's version of events, the Commission found that Trudel "did not suffer a compensable injury by accident" on either of the two days Trudel alleged the accident occurred. The Commission reached this ultimate fact determination after assessing the credibility of Trudel and his coworker Alan Cain and finding that their stories of how the accident occurred were so inconsistent that they were afforded "little weight." This credibility determination, and the Commission's ultimate finding concerning the existence of a compensable injury, are supported by competent evidence.
For example, Trudel repeatedly told medical staff and others that his injury occurred on 7 March 2014 but, after learning through discovery that his employer did not perform any roof work on that day, changed his story and asserted that his injury actually occurred on 6 March 2014. Alan Cain, one of Trudel's coworkers who claimed he witnessed the accident, likewise stated that the injury occurred on 7 March 2014, although he too, like Trudel, later indicated that the accident occurred on 6 March 2014.
Other competent evidence discredited Trudel's and Cain's testimony. Despite the dangerous nature of his injury-Trudel testified that he slipped and fell while working on a roof and had to catch himself with his right arm to avoid further injury-there were no witnesses except Cain, although two other carpenters and Trudel's supervisor were also working on the roof at the same time. Trudel never reported the accident or any corresponding injury or pain until after he quit his job with TCI the following week. Moreover, "detailed reports" of job site activities by Trudel's supervisor indicated that Cain did not work on March 6, only on March 7, further discrediting Trudel's and Cain's testimony. Finally, Mark Kramer, a TCI employee, testified that after TCI first learned of Trudel's injury claim (several weeks after the alleged accident), Kramer questioned the four workers who had performed roof work with Trudel in the days surrounding the alleged accident. Kramer testified that none of the four workers, including Alan Cain, recalled seeing Trudel have a workplace accident.
Trudel's description of how his injury occurred also varied widely. He told different stories to his physicians and others, including one version in which he slipped from the side of the roof, and another version in which he fell through a hole in the roof. Even in his testimony during the hearing, his explanation of how he was injured seemed to change over time.
All of this conflicting evidence constitutes at least some competent evidence from which the Commission could find that that Trudel "did not suffer a compensable injury by accident on March 6, 2014 or on March 7, 2014." Whether a compensable injury occurred turned entirely on the credibility of testimony by Trudel and his coworker Cain, and there was competent evidence to support the Commission's determination that their testimony was not credible. Indeed, the Commission's findings set out in detail the numerous inconsistencies in their stories.
It is well-settled that the Commission "is the sole judge of the credibility of the witnesses and the weight of the evidence." Medlin, 367 N.C. at 423, 760 S.E.2d at 738. Because there is at least some competent evidence supporting the Commission's determination that Trudel's and Cain's testimony was not credible, we must affirm the Commission's ultimate finding of fact.
II. Commission's Findings Concerning Causation
Trudel also challenges the Commission's alternative findings and corresponding conclusion that Trudel failed to establish his alleged workplace accident caused his injury. Specifically, Trudel argues that the Commission improperly concluded that his expert, Dr. Barron, relied solely on the notion of post hoc ergo propter hoc. We disagree.
To be sure, the Commission found that Dr. Barron's testimony was "reliant on the maxim, post hoc ergo propter hoc. " But that was not the only basis on which the Commission rejected Dr. Barron's testimony. Importantly, the Commission also relied on Dr. Barron's concession that Trudel's condition could have been the result of ordinary wear and tear:
Although Dr. Barron testified that [Trudel] could have undergone an acute injury, his testimony regarding the cause of [Trudel's] condition was largely based on the temporal relationship he perceived between March 6 or 7, 2014 and when [Trudel] first presented for treatment some three weeks later. After the temporal element is removed, Dr. Barron opined that [Trudel's] condition could be seen with the normal wear and tear of someone performing carpentry work for 29 years with a "Type II" acromion.
Finally, the Commission observed that "Dr. Barron's testimony is based solely upon the medical history and version of events provided by [Trudel]. [[Trudel's] version of events provided to Dr. Barron is not credible." Thus, the Commission concluded that it could not credit Dr. Barron's expert testimony because the facts on which he based his opinion were not credible. These conclusions are supported by the Commission's fact findings, which in turn are supported by competent evidence in the record. Accordingly, we must reject Trudel's argument and affirm the Commission's opinion and award on this alternative ground as well. See Medlin, 367 N.C. at 423, 760 S.E.2d at 738.
Conclusion
For the reasons set out above, we affirm the Industrial Commission's opinion and award.
AFFIRMED.
Judges BRYANT and STROUD concur.
Report per Rule 30(e).